Nov. Term,
1825.

Harrison
v.
Warner.

facts, suggesting the defendant's insolvency, and praying that the judgment against the complainant might be perpetually enjoined. The parties having died, the suit was revived in the names of their representatives.

(1) Vide *Smith* v. *M'Campbell*, ante, p. 100.

## Harrison, Administrator, v. Warner.

*An administrator-plaintiff, necessarily suing in his representative character, as on a contract entered into with the intestate, pays no costs though he fail in the suit.*

*If, however, he might have sued in his own name, as on a contract made with himself, or for trover and conversion of the goods of the estate in his own time, he must pay costs in case of failure.*

*So, though he necessarily sues as administrator, he is liable for costs where he knowingly brings a wrong action, is guilty of wilful default, fails to prosecute his suit, or sues on a contract which he knows to be annulled.*

Case 2.
Ib 385,
138   48

*Tuesday,
November 5.*

ERROR to the *Vanderburgh* Circuit Court.

Holman, J.—*Harrison*, as administrator of *Zimmerman*, brought an action of debt against *Warner*, on a note executed by *Warner* to *Zimmerman* in his life-time. Plea, no consideration; and verdict for the defendant. The Court gave the defendant a judgment for costs, to be levied of the goods and chattels of the deceased in the plaintiff's hands to be administered, if to be had, and if not, of his own proper goods and chattels. The propriety of this judgment for costs, de bonis propriis, is the only question.

It is a general rule, that when an administrator sues as such he is not liable for costs. *Elwes* v. *Mocata,* 2 Ld. Raym. 865. Salk. 314.—*Portman* v. *Cane*, 2d Ld. Raym. 1413. 1 Strange, 682.—*Martin* v. *Norfolk*, 1 H. Bl. 528.—*Booth* v. *Holt*, 2 H. Bl. 277.—*Bennet* v. *Coker*, 4 Burr. 1927.—*Wilton* v. *Hamilton*, 1 Bos. & Pull. 445.—*Tattersall* v. *Groote,* 2 Bos. & Pull. 253. Tidd's Pr. 892. But when he may sue in his individual capacity it is otherwise; as on a contract made to himself as administrator, or for a trover and conversion of the intestate's goods in

49

his own time. There, although he name himself as administra‚ tor, yet if he fail he must pay costs. *Jenkins* v. *Plume*, 1 Salk. 207.—*Nicolas* v. *Killigrew*, 1 Ld. Raym. 436.—*Cockerill* v. *Kynaston*, 4 T. R. 277.—*Goldthwayte* v. *Petrie*, 5 T. R. 234.—*Bollard* v. *Spencer*, 7 T. R. 354.—*Cooke* v. *Lucas*, 2 East, 395. And where he necessarily sues in auter droit, he may render himself liable for costs; as, if he should knowingly bring a wrong action, be guilty of wilful default, or fail to prosecute his suit. *Hawes* v. *Saunders*, 3 Burr. 1584.—*Harris* v. *Jones*, 3 Burr. 1451.—Tidd, 415, 893. And in the case of *Comber* v. *Hardcastle*, 3 Bos. & Pull. 115, Tidd, 892, he was ruled to pay costs where he sued on a contract he knew to be annulled (1). In the present case, the action was necessarily brought in the plaintiff's representative character, and no default, negligence, or improper conduct, is alleged against him; so that, according to the foregoing cases, there is no ground to charge him with the costs in any event whatever. Had it appeared of record that he knew the note was given without consideration, it would have been otherwise: he might have been liable for costs under the authority of *Comber* v. *Hardcastle*.

*Per Curiam.*—The judgment is affirmed so far as it affects the goods of the intestate, and reversed with costs so far as it respects the proper goods of the plaintiff (2).

*Merrill,* for the plaintiff.

*Hall,* for the defendant.

(1) In the case of *Comber* v. *Hardcastle*, cited in the text, it was considered that no judgment could be rendered for costs against an administrator-plaintiff, who had sued on a contract with the testator, and accordingly the judgment for the defendant was entered without costs. Yet since the plaintiff had sued on a contract, which, with his privity, had been previously annulled, he was ordered to pay the defendant his costs, as for a contempt in fraudulently abusing the process of the Court.

(2) Quære, whether the whole of this judgment for costs should not have been reversed. At common law, neither party recovered costs. The *English* statutes, giving costs to defendants, are held to apply only to the cases where the contract was made with, or the wrong done to, the plaintiff himself. An executor or administrator plaintiff, therefore, being a stranger to the affairs of the deceased, is considered not liable for costs when he acts bona fide, and could not have sued in his own right. 3 Bl. Com. 400.—Sayer on Costs, 94. In *Virginia*, costs are given in these cases; but to be levied only of the goods of the deceased, unless the Court certify the suit to have been imprudently brought, and then the judgment is de bonis testatoris, &c. si non de bonis propriis. Va. Stat. 1823.

Besides the cases cited in the text, as to where an executor or administra‚

tor plaintiff is exempt from costs, and where not, vide *Nunes* v. *Modigliani*, 1
H. Bl. 217.—*Higgs* v. *Warry*, 6 T. R. 654.—*Melhuish* v. *Maunder*, 2 N. R. 72.—
*Hollis* v. *Smith*, 10 East, 293.—*Thompson* v. *Stent*, 1 Taunt. 322.—*Grimstead*
v. *Shirley*, 2 id. 116.—*Foulkes* v. *Neighbour*, 1 Marsh. Eng. R. 21.—*Zacha-*
*riah* v. *Page*, 1 Barn. & Ald. 386.—*Barnard* v. *Higdon*, 3 id. 213.—*Jones*
*et al.* v. *Jones*, 1 Bing. 249.—*Dowbiggins* v. *Harrison*, 9 Barn. & Cress. 666.—
*Fleming* v. *Tyler*, 1 Johns. Cas. 102.—*Exrs. of Mahany* v. *Fuller*, 2 id. 209.
—*Admrs. of Kellogg* v. *Wilcocks*, 2 Johns. R. 377.—*Exrs. of Cable* v. *Long*,
4 id. 190.—*Carlile* v. *Bates*, 8 id. 379.—*Smith* v. *Lockwood*, 10 id. 366.—
*Tilton's Admrs.* v. *Williams*, 11 id. 403.—*Salisbury's Exr.* v. *Philips*, 12 id. 289.
*Brown* v. *Lambert*, 16 id. 148.—*Hogeboom* v. *Clark*, 17 id. 268.—*Grout* v.
*Chamberlin*, 4 Mass. 611.—*Hardy* v. *Call*, 16 id. 530.—*Exrs. of Getman* v.
*Beardsley*, 2 Johns. C. R. 274.—*Goodrich* v. *Pendleton*, 3 id. 520.