May Term,<br>1832.<br><br>COOPER<br>v.<br>THATCHER.

---

## Cooper, Administrator, v. Thatcher and Another.

A bill in chancery, filed by an administrator on a cause of action which accrued to the intestate in his life-time, was dismissed upon the merits. *Held*, that the defendant was not entitled to a decree for costs.

ERROR to the *Allen* Probate Court.

STEVENS, J.—*Cooper*, the plaintiff in error, is the administrator of the estate of *James Thatcher*, deceased, who died intestate. As such administrator, he filed a bill in the Probate Court of the county of *Allen* against one *John Thatcher* and *Otho White*, the defendants in error, on a cause of action which accrued to the intestate in his life-time. After various proceedings, the bill was finally dismissed and a decree rendered against the complainant, the administrator, for costs.

Several errors are assigned for the reversal of the decree, but it is not necessary to notice them. The bill could not have been sustained, even if the facts charged in it were true; hence the only question for us to determine is, whether the Court erred in rendering a decree against the administrator for costs? At common law neither party recovered costs. The *English*

Saturday,<br>June 9.

May Term,
1832.
———
COOPER
v.
THATCHER.

statutes, giving costs to defendants, are held to apply only to the cases where the contract was made with, or the wrong done to, the plaintiff himself. An executor or administrator-plaintiff, therefore, being a stranger to the affairs of the deceased, is considered not liable for costs when he acts *bona fide*, and could not have sued in his own right. 3 Bl. Comm. 400.— Sayer on Costs, 94.—*Harrison* v. *Warner*, 1 Blackf. Rep. 385 and note (2), and the authorities there cited (1). The administrator in this case could not have sued in his own right, and as nothing appears of record that shows he did not act *bona fide*, the decree as to the costs must be reversed.

*Per Curiam.*—The decree as to the costs is reversed, &c. Cause remanded, &c.

*H. Cooper*, for the plaintiff.

*J. Rariden*, for the defendants.

(1) In *England*, executors and administrators were not, until a very recent statute, *personally* liable for costs when they sued *at law* on contracts alleged to have been made with the deceased, though they were nonsuited or had a verdict against them; but the estate was liable in such cases. *Baker* v. *Tyrwhitt*, 4 Campb. 27. If the declaration alleged the contract to have been made with the plaintiff, though in his representative character, and he failed as mentioned above, he was then *personally* responsible for the costs. *Jobson* v. *Forster*, 1 Barn. & Adol. 6.—*Slater* v. *Lawson*, Id. 893. *In equity*, an executor whether plaintiff or defendant, who incurred costs in performance of his duty, was allowed them out of the estate. 2 Williams on Ex'rs. 1252–3.

The *English* statute now enacts—"That in every action brought by an executor or administrator, in right of the testator or intestate, such executor or administrator shall, unless the Court in which such action is brought, or a judge of any of the superior Courts shall otherwise order, be liable to pay costs to the defendant in case of being nonsuited, or a verdict passing against the plaintiff, and in all other cases in which he would be liable if such plaintiff were suing in his own right, upon a cause of action accruing to himself; and the defendant shall have judgment for such costs, and they shall be recovered in like manner." Stat. 3 & 4 Will. 4. See 2 Chitt. Gen. Pr. Supp. 105.

Since this statute it has been decided—that on a declaration, containing an account stated with the plaintiffs as executors, though it also contains counts on promises to the testator, the defendant is entitled to costs as of course, in case of a nonsuit; and that the executors cannot be relieved, in such a case, under the statute of 3 & 4 Will. 4, which extends only to cases in which executors were before exempted from the payment of costs, *Spence* v. *Albert*, 4 Nev. & Man. 385.—13 Lond. L. M. 451.