Harper, J.
There is no question of the perfect legal right of a father to the possession and controul of his child. It is a different question, however, whether he is entitled to the aid of the process of the court to recover a truant boy from any one with whom he may chance to have taken refuge. In general, it will not admit of doubt that the only object of the writ of habeas corpus is to set at large those who are illegally restrained of their liberty, and this applies equally whether the person restrained be an infant or of full age. That this is the principle will easily appear from a reference to the cases. When an infant is brought up, however, on a suggestion of being illegally restrained, the mere order for his discharge, informing him that he is at liberty to go where he pleases would only amount to this, that the parent who is present, might take the possession and government of the infant. But if the Court perceives that the parent desires to regain possession of the child for any ill purpose, or that it might be dangerous for the child to return to him, it will protect the child redeundo, and restrain the parent from meddling with him. This is the only discretion which the Court of law is at liberty to exercise. In the case of very young children who are incapable of judgment or choice, they must always be detained by the act of the person in whose custody they are, and the Court will direct them to be delivered to the parent or other person entitled to the custody. The case of the King v. Johnson, 1 Stra. 579, which was relied on on the part of the appellant, illustrates this. In that case the infant is stated to have been nine years of age. The Court at first doubted whether it could do more than to declare the infant at liberty to go where she pleased, but finally decided that as she was a very young child, who had no judgment of her own, she should be delivered to her guardian. In other cases commenting on this, *365 it is stated tliattlie child was but six years old, 8 Mod.—and 3 Bur. 1436; in Rex. v. Smith, however, that decision was disapproved of, of course, on the ground that the infant was old onough to have some judgment and capacity of choice, and the Court declared that upon this writ it could only deliver the infant out of custody and inform him he was at liberty to go where he pleased. In the matter of Waldrom, 13 Johns. 418, it was said that the Court was bound, Ex debito justitice, to set the infant free from any improper restraint, but it was matter of discretion whether to deliver him to any particular person; and to the same effect was the decision in the matter of Dowle, 8 Johns. 255, where the Court sent an officer to protect the infants in returning. Perhaps it might be more correctly said that the office of the Court is to discharge the infant from illegal restraint, and the discretion is to protect the infant in returning. What is said by Lord Mansfield in Rex. v. Sir Francis Blake Delavel. 3 Burr. 1334, has been commonly referred to as explaining the law on this subject, “in cases of writs of habeas corpus directed to private persons to bring up infants, the Court is bound ex débito justitim to set the infant free from an improper restraint, but they are not bound to deliver them over to any body or .to give them any privilege. This must be left to their discretion according to the circumstances that shall appear before them.”
There is also a privilege redeundo unless the Court should see cause to declare the contrary. In the case of the King v. Ward, 1 Black. Rep. 386, where a Habeas corpus was granted to bring up an infant of the age of 18 years who was suspected of an intention to elope and marry improperly, no final order of the Court in the matter is reported. I suppose, however, that if upon her being brought before the Court, it had appeared that she was under no restraint, the Court in ordering her to be discharged would not have interfered with the father’s right to take her into his custody. In the case Ex Parte Anne Knee, 1 Bos. & Pul. N. R. 157, where the infant was ordered to be restored to its mother, it is apparent that it was a very young child at nurse, and so in the King v. Mosely, 5 East, 224, where a young infant had been taken from its mother by force.
In the case before us there is nothing for this Court to do. The judge below directed the boy to be discharged, and the father supposed himself to be restrained’from meddling with him. We cannot reverse what is past. We can only say that Mrs. Thompson is not entitled to the custody of the boy, and that the father has the legal right to take him where he can find him. It must be at his own risque however, if he should commit a trespass in doing so. The appellant has been *366 bound in a recognizance to be of good behaviour towards his son.! This will not be forfeited by his taking him into posses-treating him properly, even if he should inflict moderate chastisement on a proper occasion. It will be forfeited by immoderate chastisement or cruel treatment.
Motion dismissed.
Johnson, J. concurred.
O’Neale, J. absent.