CRANE and Another, Executors, *v.* HOPKINS.

Petition for the allowance of a claim against a testator's estate. Answer by the executors denying the validity of the claim. Trial, and judgment for the claimant, and for costs against the executors *de bonis propriis*. The entry was afterwards amended so as to provide that the costs should be levied out of the assets of the testator in the hands of the executors to be administered, if he had so much, but if he had not, then to be levied out of the executors' own goods.

*Held*, that the judgment for costs, as first entered, was erroneous.

*Held*, also, that the judgment for costs, as amended, was proper.

APPEAL from the *St. Joseph* Probate Court.

This was a petition filed by the appellee in the *St. Joseph* Probate Court for the allowance of a claim against the estate of *John Gilmore*, deceased, of whose will the appellants are executors. There was an answer in denial of the validity of the claim, trial by jury, and verdict and judgment for the claimant. By the transcript of the record, as originally certified to the Supreme Court, it appeared that judgment had been rendered for costs against

the executors *de bonis propriis*, but by an amendment of
the record, afterwards certified to the Supreme Court in
pursuance of a *certiorari*, it appeared that judgment had
been rendered for the costs, to be levied out of the assets
of the testator in their hands to be administered, if the
defendants had so much, but if they had not so much in
their hands, then the costs were to be levied of the appel-
lants' own goods.

STUART, J.—The only error assigned is that the decree
is for costs *de bonis propriis*.

In return to a *certiorari*, an amended transcript is filed,
by which it appears that the costs are to be levied of the
goods and chattels which were of *A. B.*, deceased, in the
hands of the executors to be administered, if they have
so much in their hands; otherwise to be levied *de bonis
propriis*.

The judgment as it originally stood against the execu-
tors individually for costs, in the first instance, is error.
1 Saund. 335, note 10. As shown in the amended trans-
cript, it conforms to the general rule as to costs against
executors (1). *Harrison* v. *Warner*, 1 Blackf. 385.

As the executors were not in fault, *Hopkins*, who ob-
tained the erroneous decree, should pay the costs in this
Court (2).

*Per Curiam.*—The decree is affirmed, at the costs of the
appellee.

J. L. Jernegan, for the appellants.
J. A. Liston, for the appellee.

(1) "Whenever the action against an executor or administrator can only be
supported against him in that character, and he pleads any plea which admits
that he has acted as such (except a release to himself) the judgment against
him must be that the plaintiff do recover the debt and costs, to be levied out
of the assets of the testator, if the defendant have so much, but if not, then
*the costs* out of the defendant's own goods: otherwise the judgment will be
erroneous. Where he pleads a release to himself, and it is found against him,
the judgment is that the plaintiff do recover both the *debt and costs*, in the first
place *de bonis testatoris, si*, &c., and *si non*, &c., *de bonis propriis*." 2 Williams
on Ex'rs, 1409.

(2) As to the rule in relation to costs where the record of the inferior Court
is amended after error brought, see Bac. Ab., tit. Amendment and Jeofails (G).