Filed April 26, 1894.

———————◆———————

No. 1,030.

## ROLL, EXECUTOR, *v.* MASON ET AL.

EXECUTOR.—*Attorney's Fees.—Allowance for.*—The court may allow reasonable attorney's fees to an executor where he employs counsel in the management of the estate; and such allowance may also be made after the will has been set aside.

SAME.—*Contest of Will.—Executor as Beneficiary.—Apportionment of Counsel Fees.*—Where an executor is also a beneficiary under the will, and he employs counsel to uphold the will against a contest, it is proper for the court to apportion the counsel fees as between executor individually and officially.

SAME.—*Appearance by Executor's Counsel for Other Beneficiaries.— Implied Promise to Pay Fees.*—Where counsel employed by an executor to sustain a will against a contest appear also for beneficiaries, and render service for them at their request, they may recover therefor as upon an implied promise.

From the Marion Circuit Court.

*R. N. Lamb* and *R. Hill*, for appellant.

*A. F. Denny, F. Winter, J. B. Elam* and *W. H. H. Miller*, for appellees.

LOTZ, J.—Solomon Roll died in June, 1889, testate. He left an estate consisting of real and personal property, of the value of $12,000 or $15,000. He left nine children surviving him. His will (which was duly probated) devised nearly all of his estate to five of his children as residuary legatees, and practically disinherited the other four children.

The appellant, Jonathan B. Roll, was named as the executor of the will, and duly qualified as such. The will directed the executor to sell the real estate to pay certain legacies. The executor employed Ritter & Ritter and J. C. Green as his attorneys, and procured an order of the court authorizing him to sell said realty.

The disinherited children notified the executor that they, as the heirs of Solomon Roll, had an interest in the real estate, and denied the legality of such order for the sale, and asserted that such executor had no right or authority to sell the same. Such claim cast a cloud upon the executor's title to the real estate, and, as a preliminary step to such sale, he brought an action in the Marion Circuit Court against such disinherited children to quiet title to such realty.

The defendants in said action filed a cross-complaint, making parties thereto all of the residuary legatees. The cross-complaint alleged the testator's unsoundness of mind and the invalidity of the will. The executor moved to strike the cross-complaint from the files for the reason that no bond was filed with it as required by law. This motion was sustained.

Upon appeal to the Supreme Court, this ruling was declared to be erroneous, and the cause reversed. *Mason* v. *Roll, Exr.*, 130 Ind. 260.

The cause was tried a second time in the circuit court and resulted in a verdict and judgment for the cross-complainants and the will was decreed invalid.

After the rendition of such judgment the executor presented his petition to the court, showing that he was desirous of making a report of his trust; that as such executor he had been involved in litigation concerning the validity of the will and had incurred expenses for attorney's fees, and other matters connected with the settlement of said estate. He asked the court to hear evi-

dence as to the value of all such expenses, and fix the amount and make an allowance for all of such claims against his trust estate.   The appellees appeared to this petition, and, by agreement of the parties, the court referred it to Probate Commissioner O'Bryan for hearing and finding, and ordered such commissioner to make a report to the court.

The probate commissioner subsequently made a report to the court, from which it appears that Ritter & Ritter and Green were the attorneys of the executor in the administration of said trust, and through it the litigation concerning the validity of the will; that they also appeared for three of the residuary legatees and filed answers for them; "that said attorneys * * * so appeared and filed such answers at the request of said legatees, but had with them no contract of employment, but appeared for them solely that they might be subject to the jurisdiction of the court without process.   All of the said residuary legatees were of full age and competent to defend their interests.   The executor, as such by virtue of his trust, was under obligation to maintain the will; he was also personally interested in its protection.   The testimony shows that all the services of Ritter & Ritter and Green in said cause, from its inception to and including the verdict of the jury and the motions since made, were worth six hundred and fifty dollars ($650)."

The commissioner concluded his report as follows: "From the fact that in this proceeding the real contest was between the children made residuary legatees and the children disinherited; that the suit, from the time the cross-complaint was filed, was practically a contest of the will; that the residuary legatees were competent to employ counsel, and, more than others, were vitally interested in the maintenance of the will * * *; that the executor himself was more interested in his individual

than in his fiduciary capacity in sustaining the will; and that all the services of the attorneys, not for the executor only, but all the services they rendered, were worth six hundred and fifty dollars ($650), it seems to me that in equity, and I so find, that as against the estate of the decedent they should be allowed (or, rather, the executor be allowed) in full for the amount due them, for which the estate is in any way liable on account of said cause * *, the sum of four hundred dollars ($400); and I recommend that the same be allowed.''

The appellant excepted to this report, but the exceptions were overruled, and the court thereupon approved and confirmed the report of such commissioner, and made an allowance to such executor on account of attorneys' fees in the sum of four hundred dollars. The appellant then made a motion for a new trial, which motion was overruled.

The appellant has assigned as error in this court the action of the court in overruling the exceptions to the report, and in overruling the motion for a new trial; and in confirming the report of the commissioner. The evidence is not in the record.

The appellant assumes that the report of the commissioner unequivocally shows that the services of counsel were rendered exclusively for the executor in his fiduciary capacity; that such services were of the value of $650; that counsel had no contract with the executor individually or with the other legatees for services; and that the action of the court virtually deprives counsel of $250, for which they have no recourse against any one. This action of the court, it is contended, was an abuse of its powers and discretion, and, if permitted to stand, results in a wrong for which such counsel have no remedy.

The court may allow reasonable attorney's fees to the

executor where he employs counsel in the management of the estate. Section 2551, Burns' Rev., 1894.

And such allowance may be made after the will has been set aside. *Nave* v. *Salmon, Admr.*, 51 Ind. 159.

It is also undeniably true that it is the duty of the trustee to protect the trust estate, and for that purpose he may employ counsel to bring or defend actions, and the court will make reasonable allowance for counsel fees. 1 Perry Trusts, section 328; *Bratney, Admr.*, v. *Curry, Exr.*, 33 Ind. 399.

We are of the opinion that the appellant is in error when he assumes that the finding shows that all the services were rendered for the executor in his official capacity.

The statute, section 2766, Burns' Rev., 1894, requires that in an action to contest a will "the executor and all other persons beneficially interested therein shall be made parties defendant thereto."

The residuary legatees were necessary parties defendant to the cross-complaint. It is true that the executor was the trustee of all persons interested in the estate, and in his official capacity he represented all the *cestuis que trust*. But he was also a beneficiary under the will and his personal interest was adverse to that of the disinherited children.

Whilst it was his duty to make all reasonable effort to uphold the will of the testator, he should not be permitted to use the funds of the estate to subserve his own personal interests. The other residuary legatees were also beneficially interested in the will. It is for this reason that the law required them to be made parties. When the law requires a person to be made a party defendant in an action, it is for the purpose of having an adjudication that will be binding upon him. When he is brought into court, he is required to make defense or suffer de-

fault in his rights to the subject-matter in controversy. He is brought in for the purpose of defending. He can not escape the burden of securing his rights by defending under cover of another party to the action.

We think it would be manifestly unfair, under the circumstances of this case, to cast the whole burden of counsel fees upon the estate. Nor is this position without authority to support it. *Executor of Andrews* v. *His Administrators*, 7 O. St. 143; *Stephen's Appeal*, 56 Pa. St. 409.

It has been decided that where the matter in litigation concerns the executor both personally and officially, it is proper to apportion the counsel fees. *Clement's Appeal*, 49 Conn. 519; *Price's Estate, Martin's Appeal*, 81 Pa. St. 263; *Robbins* v. *Robbins*, 1 S. W. Rep. 152.

Nor do we think the appellant's counsel are without recourse for the reduction made, because they had no express agreement with the appellant personally, or with the other residuary legatees for services rendered.

On the facts stated in the finding, counsel appeared for the residuary legatees and rendered services for them at their request. Such legatees accepted and received the benefit of such services, and should pay the reasonable value thereof upon an implied promise.

We find no error in the record.

Judgment affirmed, at costs of appellant.

Filed April 26, 1894.