INGRAM-RICHARDSON MANUFACTURING COMPANY OF INDIANA *v.* GROSS INCOME TAX DIVISION.

[No. 29,089. Filed February 9, 1954.]

*Charles M. Wells* and *Jerry P. Belknap,* and *Barnes, Hickam, Pantzer & Boyd* (of Counsel), all of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Lloyd C. Hutchinson,* Deputy Attorney General, for appellee.

FLANAGAN, J.—Appellant, an Indiana corporation, brought action against appellee for the recovery of certain Gross Income taxes which, it alleges, were il-

legally collected. From a judgment in favor of appellee, appellant appeals.

Appellant is engaged in the business of manufacturing vitreous enamel and fusing it with plain stove and refrigerator parts, thereby converting such parts into enameled articles used by manufacturers of stoves and refrigerators. Prior to June, 1938, title to these articles remained, at all times, before, during, and after the enameling process, in the customer who shipped the original parts to appellant for processing. In June, 1938, appellant proposed to its out-of-state customers that title to these original parts should thereafter vest, on delivery, in appellant and remain so vested until the completed articles were delivered back to the customers. No change was proposed or made with regard to appellant's Indiana customers. This proposition was accepted by the out-of-state customers.

Appellant sought, by these maneuvers, to change the transactions from bailments to bona fide sales in interstate commerce and thus avoid the Indiana Gross Income Tax Law as an unconstitutional burden thereon.

In the case of *Dept. of Treasury* v. *Mfg. Co.* (1941), 313 U. S. 252, 254, 61 S. Ct. 866, 867, 85 L. Ed. 1313, 1315, an earlier decision involving the present appellant, the United States Supreme Court held that:

> "The enameling process was an activity performed at respondent's plant in Indiana and the gross receipts therefrom were taxable by Indiana under its Gross Income Tax Law."

The single question therefore is whether or not appellant has, by labeling its transactions "sales," changed the nature of the business in which it is engaged. Clearly, it has not and cannot. A sale is a sale. A bailment is a bailment. Fundamentals control.

In a case such as is presented here, the law looks at the substance, not the form. *Browning* v. *Waycross*

(1914), 233 U. S. 16, 34 S. Ct. 578, 58 L. Ed. 828; *Comm'r* v. *Court Holding Co.* (1945), 324 U. S. 331, 65 S. Ct. 707, 89 L. Ed. 981.

Judgment affirmed.

NOTE.—Reported in 117 N. E. 2d 272.