THE FIRST NATIONAL BANK OF MISHAWAKA, TRUSTEE *v.*
GERALD KAMM, ET AL.

[No. 172A53. Filed June 13, 1972.]

*Joseph T. Helling, Crumpacker, May, Levy & Searer,* of South Bend, for appellant.

*Gerald A. Kamm, Charles M. Boynton, Doran, Manion, Boynton & Kamm,* of South Bend, for appellees.

SHARP, J.—This is an appeal from a judgment of the St. Joseph Superior Court awarding the sum of $15,745.42 to the Petitioners-Appellees for attorney's fee in regard to services rendered a former trustee of a family trust which is commonly referred to as the Kamm Trust.

At the outset it should be noted that Appellant is not contending that the services were not rendered nor is it contending that the monetary fee is not fair and reasonable. What Appellant is contesting is whether the attorney's fee should be paid out of the trust assets.

The Kamm Trust was an undocketed family trust established in 1929 by a group of nine brothers and sisters who were also the original beneficiaries. One of the original settlor-beneficiaries died in 1952 and his children succeeded to his interest as beneficiaries under the trust. From 1952 to 1957 these adult beneficiaries allegedly did not receive any detailed itemization or accounting regarding the affairs of the trust and in the latter year they brought an action for an accounting, for removal of one of the three co-trustees and for damages. The suit was filed against the one co-trustee, both individually and in his capacity as trustee, his wife and family, and various other individuals and corporations.

The law firm of Doran, Manion, Boynton & Kamm was retained under contract by the three co-trustees to defend the action. Pursuant to said contract the law firm filed a Plea in Abatement on behalf of all defendants which contained as one of its grounds that the other two co-trustees and beneficiaries had not been named as parties to the action. An amended

complaint was thereafter filed naming the additional parties. This amended complaint was also attacked by a Plea in Abatement since two of the former co-trustees had subsequently died and their personal estates had not been substituted as parties. Several pleas in abatement of this nature were filed, the last of which was granted and a Judgment in Abatement was entered by the LaPorte Circuit Court in 1965. An appeal was taken and was defended by the law firm of Doran, Manion, Boynton & Kamm on behalf of the individual and corporate defendants. The judgment was affirmed by the Indiana Appellate Court in *Nye, et al.* v. *Kamm, et al.* (1966), 139 Ind. App. 687, 212 N. E. 2d 397.

Neither of the two deceased co-trustees nor their personal estates were named in the final Plea in Abatement since that was the primary ground for the plea. To have named the personal estates would have negated the effect of the plea.

Upon successful completion of the above lawsuit, the law firm of Doran, Manion, Boynton & Kamm submitted a bill to the successor trustee for the services rendered in said suit. The successor trustee resisted payment of the bill for the attorney's fee. Finally Appellee petitioned the trial court to order Appellant Trustee to pay the attorney's fee out of the trust assets. When beneficiaries objected, and the trustee required proof, the matter was assigned to a Special Judge as a contested case. A corrected judgment was ultimately rendered against the trustee in favor of one of the petitioning lawyers for $15,745.42. A second Motion to Correct Errors was denied and this appeal was then duly perfected.

Although the argument section of Appellant's Brief is divided into numerous subsections, there are only two fundamental issues raised and for the purposes of this opinion the various subsections will be combined and treated only as they relate to the principal issues.

## I

*Is a suit for attorneys fees the proper forum to consider the alleged misconduct of a co-trustee who was represented by said attorneys?*

This suit was brought by the law firm of Doran, Manion, Boynton & Kamm for services rendered cotrustees of the Kamm Trust under a written contract. The services were rendered in defense of an action against one of the cotrustees for failure to account, for comingling of trust funds and for refusing beneficiaries access to trust records. There was never an adjudication on the merits of the controversy concerning the alleged misconduct of the co-trustee. The question then becomes whether the alleged misconduct can be raised as a defense to the petition for attorney fees. We believe not and now so hold.

Although Appellant is correct in the assertion that a Plea in Abatement determines and decides nothing regarding the merits of the controversy and allows the parties to renew their suit in another place or forum, *Powers* v. *Ellis* (1952), 231 Ind. 273, 108 N. E. 2d 132, the controversy is still one between the parties to the original action and can only be decided as between them.

The conduct of the co-trustee is not an issue in this case. The beneficiaries had the opportunity to litigate the alleged misconduct of the co-trustee and they failed in their initial attempt. They did not renew the action against the original defendants. Appellant, by attempting to raise the conduct of the co-trustee as a defense, is endeavoring to relitigate the old lawsuit anew and to thereby place upon Appellees, not only the burden of justifying their expenses, but also the burden of showing that if the prior lawsuit had been heard on the merits, the co-trustee would have been exonerated. It is a burden Appellees need not and should not have to assume.

Appellant relies upon the clearly established rule of law to the effect that a trustee who has been adjudged guilty of misconduct cannot charge the expense of the defense of the

suit to the trust fund. *Hass* v. *Wishmier's Estate* (1934), 99 Ind. App. 31, 190 N. E. 548. Where the trustee has been found guilty of personal misconduct, the costs of the suit become personal to him. But the above rule presupposes that there has been a final adjudication on the merits as to the charges brought against the trustee. Such is not the case here.

We hold that unless there has been a final determination as to the alleged misconduct of the co-trustee, such alleged misconduct cannot be interposed as a defense to a petition for attorney fees for the services rendered in defending the trustee. To hold otherwise would be to allow collateral issues to distract from the primary issue of whether the services were in fact rendered and whether they were reasonable, neither of which is disputed in this case.

The trial court must have been of a similar opinion as it makes no mention of the alleged misconduct of the cotrustee but rather focuses on whether the services were actually rendered for the Trust.

II

*Should the attorneys' fees have been apportioned between all the named defendants in the prior lawsuit?*

Once it is found that the Trust fund is liable for the cost of services rendered, it becomes necessary to determine whether the Trust fund should be liable for the full amount.

The trial court made Findings of Fact which are pertinent to this issue and which read as follows:

"12. Petitioner's services were reasonably necessary in defense of the action and in behalf the Co-Trustees named as defendants therein.

13. The services rendered by Petitioner were for the benefit of and thus rendered to the Co-Trustees in their capacity as such, and, although the Court finds that other defendants in said civil action who were not co-trustees were benefited also, the Court is unable to apportion the benefit of such legal services between co-trustees and

those not co-trustees, and therefore finds that the services were necessary and would have been required to the same extent even if persons not co-trustees had not been joined as defendants in said civil action."

The findings shall be reversed only if found to be clearly erroneous, TR. 52(A) and AP. Rule 15(M), Indiana Rules of Procedure. This court must accept ultimate facts as stated by the trial court if there is evidence to sustain them. *State Board of Tax Commissioners* v. *Professional Photographers* (1971), 148 Ind. 601, 268 N. E. 2d 617; *State Board of Tax Commissioners* v. *Wright* (1966), 139 Ind. App. 370, 215 N. E. 2d 57; *Miller, etc.* v. *Ortman, etc., et al.* (1956), 235 Ind. 641, 136 N. E. 2d 17.

We must examine the evidence and all reasonable inferences therefrom in support of the decision of the trial court. *State Board of Tax Commissioners* v. *Professional Photographers, supra.* Because of the limited scope of review afforded by the above rules and case law we hold that the findings of the trial court are supported by substantial evidence of probative value and are not clearly erroneous.

The law firm of Doran, Manion, Boynton & Kamm were employed under written contract to defend the action against the Co-trustee. The Trust Agreement provided that the Co-trustees shall have a first and prior lien on the entire Trust estate, as security for the prompt payment of all expenses incurred in the administration of the Trust, including the payment of attorney fees. The law firm defended the action on behalf of one of the Co-trustees in his capacity as Trustee. The suit was primarily directed against the alleged misconduct of said Co-trustee and the other defendants to the action were nominal defendants only.

Appellant relies upon *Roll, Executor* v. *Mason, et al.* (1894), 9 Ind. App. 651, 37 N. E. 298, for the proposition that attorneys' fees shall be apportioned among the several defendants to an action and between an executor in his individual and administrative capacities. That case, however, did not

lay down a hard and fast rule of law but was rather an affirmance of the decision of the lower court and was limited to the circumstances of the case. It is also distinguishable in that the lower court made a finding that the other named defendants had requested the attorney represent them in the litigation and the attorney was not successful in his defense of the Trust.

Unlike *Roll* v. *Mason, supra,* the trial court in this case found that it could not apportion the benefit of the legal services rendered. Viewing the evidence in a light most favorable to the decision below, we find ample evidence of probative value to support the findings and therefore, we hold that the trial court's decision, as a matter of law, was not clearly erroneous.

Appellant presents several other arguments concerning the trial court's Findings of Facts and Conclusions of Law. We have examined them closely and found them to be without merit. The judgment of the trial court should be and hereby is affirmed.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported in 283 N. E. 2d 563.