**Ursula Schiller nee MARSCH, Appellant (Petitioner Below),**

v.

**Hans LILL, Administrator for the Estate of Voldemar Weber, Appellee (Respondent Below).**

No. 2–1278A449.

Court of Appeals of Indiana, Fourth District.

Nov. 15, 1979.

Rehearing Denied Dec. 11, 1979.

---

Richard P. Watson, Watson, Rochford & Hayes, Indianapolis, for appellant.

James F. Matthews and Darell E. Zink, Jr., Bose & Evans, Indianapolis, for appellee.

YOUNG, Judge.

Ursula Schiller, appealing from an entry of summary judgment against her in a proceeding to determine heirship, raises two issues for our review. We do not have jurisdiction to determine those issues belatedly raised in Schiller's reply brief. *Richardson v. Scroggham*, (1974) 159 Ind.App. 400, 307 N.E.2d 80.

Schiller's first contention is that the trial court should have declared her the sole heir of Voldemar Weber, her natural father, and should have entered summary judgment in her favor. The basis of this contention is that IC 1976, 29-1-2-7 (Burns Code Ed.) is in violation of the equal protection clause of the Fourteenth Amendment. This issue has been resolved against her by our Supreme Court in *Burnett v. Camden*, (1970) 253 Ind. 354, 254 N.E.2d 199, cert. denied 399 U.S. 901, 90 S.Ct. 2202, 26 L.Ed.2d 556. *See Tekulve v. Turner*, (1979) Ind.App., 391 N.E.2d 673, in which it is noted that the United States Supreme Court recently upheld a similar statute in *Lalli v. Lalli*, (1978) 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503.

Schiller's second contention of error is that the probate court allowed only $3,500 additional attorneys fees, to be paid from the estate, instead of $8,537.50 as petitioned for. Alma Keler filed a motion to dismiss the appeal on this issue, arguing that the

attorney accepted the check for $3,500, and, having accepted the benefit, cannot challenge the judgment in this regard. Further, Keler has raised as cross-error the probate court's allowance of $3,500 further attorneys fees to be paid from the estate. Because we agree that the probate court erred in this last regard, it is unnecessary to determine the propriety of the amount awarded and the taking of an appeal despite accepting the check.

Neither Schiller nor Keler is a resident of the United States. Schiller resides in West Germany and Keler in the U.S.S.R. The Administrator of the estate of Voldemar Weber petitioned the probate court to appoint an attorney for Schiller as a prospective heir. The probate court granted this petition and appointed Richard Watson to represent her. The court also appointed an attorney to represent the interests of Keler, also to be paid from the estate. Both attorneys received preliminary fees paid from the estate. The attorney acting for Keler petitioned the court to be removed as court-appointed attorney inasmuch as he intended to continue representing her directly. This petition was granted. Watson filed no similar petition regarding his representation of Schiller.

The only authority we have found for the appointment and compensation of attorneys in this case is IC 1976, 29–1–1–20 (Burns Code Ed.), which provides:

(a) In any proceeding where there is any interested person who is an incompetent or whose present name, existence, or residence upon diligent inquiry is unknown and cannot be ascertained, such person shall be represented either by the guardian of his person or of his estate or by a guardian ad litem appointed by the court, as in the discretion of the court the interests of such person may require.

.    .    .    .    .

(c) The compensation of a guardian or guardian ad litem and his expenses including attorneys' fees for services rendered in any proceeding under this [Probate] Code may be allowed in such amount and ordered paid either out of the entire estate involved as an expense of administration, or out of the ward's interest therein as the court in its discretion shall determine.

The Commission Comment to paragraph (a) states that "[i]t is the purpose of this subsection to make sure that every person having an interest in the subject matter involved in the hearing shall be represented and have their interests protected. It gives the court the discretionary power to determine the need and appoint a proper guardian." Further explanation is suggested in 2 G. Henry, The Probate Law and Practice of the State of Indiana 1277 (6th ed. 1954):

Under former statutes, those interested in the estate who were under a disability could cause to be set aside any final settlement for fraud, illegality or mistake by taking action at any time within three years after the removal or cessation of disability. The rights of the individual were thus carefully protected. Now the increasing complexities of modern civilization require that estates be settled expeditiously and finally. Accordingly, the policy of the legislature is to require the court to the fullest extent, to protect the rights of persons under a disability, where known, by the appointment of guardians ad litem or representation by guardian, either at the expense of the estate or of the incompetent. .   .   . The rights of persons under a disability are therefore absolutely terminated at the end of one year from the date of the order of final settlement of the estate. (footnotes omitted)

Thus, it appears that the statute is intended to promote finality in estate settlements regarding individuals who formerly could have settlements set aside by permitting the court to protect the interests of such individuals in the manner provided.

■ As indicated by the Commission Comment, a determination of need is within the court's discretionary power. Yet, this power is not without bounds. The terms of the statute clearly limit its application to persons who are "incompetent or whose present name, existence, or residence upon

diligent inquiry is unknown and cannot be ascertained . . . ." It is clear that Schiller fit neither category. The petition to appoint an attorney for her states:

(1) there is an individual, a female of 23 years, by name Ursula Schiller, nee Marsch at Spielberg 2, Creussen, Landkreis Bayreuth, German Federal Republic (W. Germany), who claims, pretends and purports to be *daughter* of decedent Voldemar Weber;

(2) she has retained a lawyer in Germany and has shown interest in the Estate. The lawyer is in correspondence with the Administrator and his attorney
. . . .

The petition does not suggest that Schiller is legally incompetent in any way, nor does Schiller so argue on appeal. We perceive no basis for Watson's appointment at the expense of the estate. The above applies equally to the attorney acting for Keler. This has not been raised as error on appeal. Rather Keler challenges the order granting additional fees to Watson.

It is apparent from the conduct of Keler's attorney at trial that subsidy by the estate was considered objectionable where representation became direct in nature. Keler argues that at that point representation by an attorney cannot be considered as primarily benefitting the estate, and cites *Roll, Executor v. Mason*, (1894) 9 Ind.App. 651, 37 N.E. 298. In that case, the executor appealed from an allowance of attorneys fees for his unsuccessful defense of a will contest, on the grounds that the fees awarded were insufficient. The will contest arose as a cross-complaint on an action to quiet title brought by the executor, when four of the testator's children disinherited under the will notified him that they considered an order to sell realty illegal. The will left essentially everything to the testator's remaining five children, one of whom was the executor. In setting the fees, the trial court adopted the findings of the Probate Commissioner's Report that the attorneys defending the will for the executor also filed answers for three of the five legatees at their request, not pursuant to a contract of employment, but solely that

they might be subject to the jurisdiction of the court. All were of age and capable of defending their interests. The Probate Commissioner concluded that because of this and because the executor had a personal interest in sustaining the will as a legatee, the fees should be accordingly reduced. In affirming the trial court's award of fees, the Appellate Court held that an executor is authorized to employ counsel at the expense of the estate in his management of that estate, but "he should not be permitted to use the funds of the estate to subserve his own personal interests." Regarding the legatees, the court stated that they were necessary parties to the cross-complaint:

When the law requires a person to be made a party defendant in an action, it is for the purpose of having an adjudication that will be binding upon him. When he is brought into court, he is required to make defense or suffer default in his rights to the subject-matter in controversy. He is brought in for the purpose of defending. He cannot escape the burden of securing his rights by defending under cover of another party to the action.

The court stated that in these circumstances it would be "manifestly unfair" to exact the entire attorneys fees from the estate, and suggested that the attorneys resort to the legatees for payment of the reasonable value of their services upon a theory of implied promise. *Id.*

█ While not precisely on point, this decision is sufficiently analogous to offer some guidance in the case before us. The provisions of IC 29–1–1–20 are consistent with the reasoning in *Roll, Executor v. Mason* in that they protect interested persons who are not in a position to undertake the burden of securing their interests in the subject-matter of a proceeding in probate, either because they are incompetent or because they cannot be found. The *Roll* decision indicates that regarding persons who are not in such a position, an estate has no concern beyond the probate court's acquisition of jurisdiction to determine their interests. The attorneys for Keler withdrew as court appointed attorneys on their own ini-

tiative when there appeared to them no reason why she should not be held responsible herself for protecting her interests. Watson did not, notwithstanding that Schiller filed an affidavit with the probate court authorizing him to appear on her behalf. At the very least, this affidavit marked a point beyond which the probate court's jurisdiction to determine her interest could not be questioned, and beyond which Watson's continued representation of Schiller could in no way be construed as benefitting the estate.

We feel it would be manifestly unfair to require the estate to bear the expenses of one who is clearly recognized by the statute as responsible for protecting her interests herself. The order allowing additional fees appears to us clearly erroneous, therefore we reverse with instructions that it be vacated. In all other respects the judgment is affirmed.

MILLER, P. J., and CHIPMAN, J., concur.