## Pittsburgh Press Company Trust

*W. Gregg Kerr,* for petitioner.
*J. Craig Kuhn,* for respondents.

ROSS, E., *J.*, August 14, 1980—Equibank, former trustee under the trust agreement for the retirement benefit plans of the Pittsburgh Press Company and Pittsburgh Newspaper Printing Pressmen's Union No. 9 and of the Daily News Publishing Company and Pittsburgh Newspaper Printing Pressmen's Union No. 9, has petitioned the court for the entry of a decree awarding Equibank reasonable counsel fees and costs out of the trust fund. The fees and costs were incurred in connection with a suit by the retirement or pension boards of the retirement or pension plans to compel Equibank to file an account and to reimburse the single trust fund created by the plans for investment losses sustained during petitioner's nine year period of administration of the trust fund prior to January 1, 1975, the effective date of the Employee Retirement Income Security Act of September 2, 1974, 88 Stat. 897, 29 U.S.C.A. § 1144(a). After extensive discovery and oral and written arguments, the court on July 26, 1979 granted the motion of Equibank for summary judgment, which decree was upheld by the Orphans' Court of Allegheny County sitting en banc and on April 11, 1980 by the Pennsylvania Supreme Court.

Equibank asserts in support of its petition that it is entitled to reimbursement for legal fees and costs incurred in defending this case because under Coulter Estate, 379 Pa. 209, 220, 108 A. 2d 681 (1954), and Wormley Estate, 359 Pa. 295, 301, 59 A. 2d 98 (1948), an unsuccessful effort by a beneficiary to surcharge a fiduciary entitles a fiduciary to an allowance out of the res for counsel fees and expenses incurred in its defense against attack. Nothing in the trust instrument forbids the payment of such fees and expenses. Petitioner also

cites cases allowing such fees and expenses out of the fund when, as here, the issues were not tried on the merits: Saulsbury v. The Denton National Bank, 25 Md. App. 669, 335 A. 2d 199, 203 (1975); First National Bank of Mishawaka v. Kamm, 152 Ind. 353, 283 N.E. 2d 563, 565 (1972).

The boards admit that the trust agreement provides for payment of reasonable fees and expenses incurred by the trustee but assert:

(1) none should be allowed here because the boards as fiduciaries were obliged, under sections 404-414 of the Employee Retirement Income Security Act of September 2, 1974, supra, 29 U.S.C.A. 1104-1114 (ERISA), or under the retirement plan agreements, to seek an accounting by Equibank upon reaching the conclusion there was a breach of trust;

(2) no fees and expenses are payable because Equibank succeeded only in preventing an accounting not in defending an attempt at surcharge and thus acted for its own benefit and not that of the trust beneficiaries;

(3) Equibank, in transferring the trust res in July, 1979 to the successor trustee, Union National Bank, waived its right to reimburse itself for costs out of trust income or principal; and

(4) the allowance of counsel fees and expenses is within the discretion of the court and should not be allowed since losses to the fund can be identified by Equibank's reports for the years in question and such award would further diminish the fund.

The court finds irrelevant to the main issue the question whether the boards had a fiduciary obligation to the trust beneficiaries to bring the suit for accounting once the boards concluded there was a

breach of trust. It is clear under the agreement, article III, paragraph 4(E), that the boards as beneficiary represented the employes covered under the plans and were charged under article IV, section 8, as the only parties authorized to sue the trustee for breaches of its fiduciary duty. Therefore, the boards were proper parties plaintiff to bring the action regardless of its merits. Their right to bring the action does not resolve the issue as to the proper source for payment of the trustee's counsel fees and expenses except to the extent that the court may say that nothing on the record would indicate a frivolous or improper intent or motive on the part of the boards in initiating the action for accounting nor was such ever asserted by the trustee at the time of the hearing on the petition to compel an accounting. (Sections 404-414 of the Employee Retirement Income Security Act of September 2, 1974, supra, 29 U.S.C.A. §§1104-1114 (ERISA), do not apply to the bringing of the suit for accounting since the act applies only to acts or omissions occurring after January 1, 1975: Section 414 of the Employee Retirement Income Security Act of September 2, 1974 supra, 29 U.S.C.A. §1144(b)(1)).

The main issue for determination is whether Equibank may be reimbursed for counsel fees and expenses out of the trust fund when the surcharge litigation for which they are assessed was not resolved on the merits but rather could not be determined on the merits because the court sustained the trustee's proposition that under the agreement its private accounts unobjected to by the boards were a bar to the action for a judicial accounting.

Equibank would have the court impose the costs on the fund regardless of the merits of the case relying on two cases where such was done.

In the first case, Saulsbury v. The Denton National Bank, supra, 335 A. 2d at 200, the action for surcharge was dismissed without prejudice *on motion by parties seeking the surcharge* to which the trustee agreed with an express reservation of its claim for counsel fees. The Maryland Court of Special Appeals allowed the trustee fees out of the fund because the "beneficiaries had the opportunity to litigate the alleged misconduct of the co-trustee and they failed in their initial attempt. They did not renew the action against the original defendants." Saulsbury v. The Denton National Bank, supra, at 203. Thus, in the Saulsbury case the trustee was allowed its fees out of corpus because due to the actions of the parties seeking surcharge the case never was heard on the merits.

The trustee also relies on First National Bank of Mishawaka v. Kamm, supra, 283 N.E. 2d at 564, where the beneficiaries sought an accounting, the removal of one trustee and damages. The trustee raised questions as to the failure of plaintiffs to include the other co-trustees as parties defendant. Plaintiffs added the co-trustees as defendants whereupon the original defendant-trustee filed a plea in abatement that two of the co-trustees had died and that their personal representatives were the proper parties. The court entered a judgment in abatement which was affirmed on appeal and plaintiffs never named the personal representatives as parties. The court allowed the payment of the trustee's counsel fees out of the fund because the "beneficiaries had the opportunity to litigate the alleged misconduct of the co-trustee and they failed in their initial attempt. They did not *renew the action against the original defendants.*"

First National Bank of Mishawaka v. Kamm, 283 N.E. 2d 563, 565.

It is clear in the two cited cases that the reason fees were allowed out of the fund to counsel for the trustee was because the parties seeking surcharge failed to take the necessary actions to have their suit prosecuted on the merits. In the instant case the parties seeking surcharge actively sought a decision on the merits through a judicial accounting but the trustee prevented such decision by its motion for summary judgment based on the proposition the trust agreement barred a court accounting. Thus, the two cited cases are not controlling here.

The usual rule is that a trustee who successfully defends the beneficiaries' surcharge attempt may be paid fees and expenses for his defense against the unsuccessful attack: Browarsky Estate, 437 Pa. 282, 285, 263 A. 2d 365 (1970); Biddle's Appeal, 83 Pa. 340, 346 (1877). But this rule is based on the rationale that if the trustees "perform their duties faithfully, and are guilty of no unjust, improper, or oppressive conduct, they ought not in justice and good conscience to be put to any expense out of their own money. If, therefore, they are brought before the court without blame on their part, they should be reimbursed all the expenses that they incur, and allowed their costs as between solicitor and client." 2 Perry, A Treatise on the Law of Trusts and Trustees §894 (7th Ed., 1919).

In the case before the court there was no finding that the trustee performed its duties faithfully or was guilty of no unjust, improper or oppressive conduct. There was only a finding that the trustee's duty to account was barred by the contract.

Since the failure to try the case on the merits was

not due to the action of the boards, there is no equitable reason to impose counsel fees and costs on the trust fund. The court can never know whether the trustee faithfully performed its duties or not and the rationale above quoted is inapplicable.

The court finds it unnecessary to determine whether the transfer of the fund to the successor trustee without a reservation of the right to fees and costs bars Equibank from seeking them now. The court has already decided that the petition of Equibank for reimbursement of counsel fees and expenses out of the trust fund will be denied. Equibank was acting to protect itself not the fund in the action for accounting.

## ORDER

And now, August 14, 1980, after oral and written argument and hearing on the petition of Equibank, former trustee under the trust agreement for the retirement benefit plans of the Pittsburgh Press Company and Pittsburgh Newspaper Printing Pressmen's Union No. 9, for the award of reasonable counsel fees and costs out of the trust fund.

It is ordered, adjudged and decreed that the prayer of the petition is denied.