BRATNEY, Administrator, *v.* CURRY, Executor.

DECEDENTS' ESTATES.— *Widow.*—*Allowance of Three Hundred Dollars.*—If the allowance of three hundred dollars which the statute (1 G. & H. 295, sec. 21) makes to a surviving wife out of the personal estate of her deceased husband, before any distribution, be not claimed during her lifetime, it goes to her personal representative.

SAME.—*Expense of Resisting Contest of Will.*—A decedent's estate is chargeable with the reasonable expenses of the executor in an unsuccessful effort made by him in good faith to resist a contest of the will of the decedent.

APPEAL from the Monroe Common Pleas.

FRAZER, J.—The appellee was, by the last will of James Bratney, Sr., deceased, appointed executor thereof; letters testamentary accordingly were issued to him, and he qualified and entered upon his duties as such. Subsequently, the will was duly contested, and the result was, that it was declared invalid by the proper court. The widow of the deceased had died in the meantime, not having selected or

claimed her three hundred dollars out of the personal estate under the statute. After the will was set aside, the appellant became administrator of Bratney, Sr., and the appellee had become administrator of the widow. In making final settlement as executor, the appellee was allowed to credit himself with three hundred dollars, received as administrator of the widow, and with reasonable attorney's fees paid by him in resisting the contest of the will. There was no room to question his good faith in resisting the contest. The correctness of these allowances is questioned in this court.

It is contended by the appellant that the allowance of three hundred dollars which the statute makes to the widow is purely personal, and unless claimed during her lifetime, the right is gone and does not pass to her personal representatives.

We cannot bring ourselves to adopt this construction of the statute, 1 G. & H. 295, sec. 21. It seems to us that the right thus given is as full as the right of any distributee to the assets remaining for distribution after an estate has been settled; and we cannot, upon any sound rule of construction, limit it to the person of the widow. The right gives her a credit for the necessaries of life at once upon the husband's death, and the means of decent burial should she die before the amount comes to her hands. The statute requires a liberal, instead of a narrow, interpretation, in order to accomplish the purposes of the legislature in enacting it.

The other question, whether the decedent's estate was properly charged with the reasonable expenses of the executor in an unsuccessful effort made in good faith to resist the contest of the will, is not quite so clear. There would be forcible reasons for denying the right so to charge the estate in a case where the executor had incurred the expenses knowing that the contest was plainly meritorious. In such a case, his resistance must be hopeless and wrongful; and it may well be said that he should not be permitted

Bratney, Administrator, *v.* Curry, Executor.

to expend the assets in a vain and unconscionable contro-
versy to defeat those who were asserting a rightful claim
against the invalid will, which stood between them and
their just rights in those very assets; that it would be per-
mitting him to apply their property to the purpose of at-
tempting to deprive them of it.   In such a case, natural
justice would require the executor to pay the expenses of
his wanton litigation *de bonis propriis;* and if this could be
adjudged otherwise, it would only be on account of a rule
of law positively requiring it.

But such is not the case before us.   The good faith of the
executor in endeavoring to maintain the will is not ques-
tioned.   If it had been really a valid testament, he would
have been grossly negligent concerning the trust which he
had assumed, to have allowed the contestants to succeed
without resistance.   He was a trustee for legatees and de-
visees, and he must protect their just rights in the proper-
ty, diligently and carefully.   But he was not required to
possess or exercise infallible judgment.   That the courts at
last adjudged the will invalid, does not prove that he liti-
gated recklessly, or even incautiously.   Prudent men often
fail in lawsuits prosecuted or defended with great confi-
dence of success.   Men would not be found, fit and willing
to undertake the duties incident to fiduciary character, if
their personal liability for the expenses of suits growing out
of the relation were to be fixed by adverse judgments in
such suits.   Such an one must act with fidelity, which im-
plies reasonable care and prudence.   If he do so, he should
not be personally charged with the costs and expenses in-
curred.   And so are the authorities.   *Harrison* v. *Warner,*
1 Blackf. 385; *Downing* v. *Marshall,* 37 N. Y. 380, and cases
cited.

Affirmed, with costs.

*W. M. Franklin, J. H. Louden, J. E. McDonald, A. L.
Roache,* and *E. M. McDonald,* for appellant.

*S. H. Buskirk* and *J. S. S. Hunter,* for appellee.