## GARRISON *v.* GARRISON.

[No. 18,494.    Filed May 13, 1898.]

DIVORCE.—*Allowance to Wife.*—Section 1054, Burns' R. S. 1894, does not provide for any allowance by the court to a wife's attorneys on decreeing to her a divorce, or refusing one to her husband, the allowance must be made to the wife, on her petition.

From the Marion Superior Court.    *Affirmed.*

*D. M. Bradbury* and *Frank W. Ballenger,* **for** appellant.

HOWARD, C. J.—There is much confusion in the transcript filed on this appeal. Fred Garrison brought his action for divorce against Nona, or Nora, Garrison, which action resulted in a finding and judg-

ment for the defendant. Before answering the complaint the defendant had filed her "application for an allowance." The record shows that the "motion and affidavit for an allowance" was overruled, to which ruling there was an exception, and ten days were allowed for filing a bill of exceptions. This bill was never filed. After the entry of the judgment refusing the divorce, the record shows that the defendant filed another "motion for an allowance." This motion also was overruled; an exception was taken to the ruling, and thirty days were granted for a bill of exceptions. In the bill of exceptions filed, no motion by the defendant for an allowance is shown, but a request is set out, as made by the defendant's attorneys, asking "the court to make them an allowance, as such attorneys, in the sum of one hundred dollars. This allowance, it is shown, "the court refused, on the ground that this is not a proper case for an allowance."

The assignment of errors reads as follows: "Fred Garrison v. Nora Garrison. The defendant comes and says that there is manifest error in the record in this cause in this: That the court erred in overruling appellant's motion for an allowance of her attorney's fee incurred in conducting the defense in said cause."

As the parties stand in this assignment, Fred Garrison appears as appellant, but he has taken no appeal. If we should take Nora Garrison as appellant, notwithstanding her name appears as appellee in the title of the case, and she is named "defendant" in the body of the assignment, still the assignment of errors would be unavailing, for the bill of exceptions does not show any motion by her for an allowance for her attorney's fees.

Moreover, even if the assignment were properly

made, we do not think any error would be shown. The statute cited by counsel, section 1054, Burns' R. S. 1894 (1042, R. S. 1881), does not provide for any allowance by the court to a wife's attorneys on decreeing her a divorce, or refusing one to her husband, but provides that in either of such cases the court shall "require the husband to pay all reasonable expenses of the wife in the prosecution or defense of the petition." The allowance should be made to the wife, on her petition, not to her attorneys, on their petition. The wife employs her own attorneys; they are not assigned by the court, nor are they to be paid on its order. Judgment affirmed.