LINDSEY ET AL., APPELLEES, *v.* MARKLEY ET AL., APPELLANTS.

(No. 773—Decided April 21, 1950.)

*Messrs. Spidel & Hole, Mr. Fred Syler* and *Mr. Vernon Lee,* for appellees.
*Messrs. Watts, Poffenbarger & Bowles* and *Messrs. Bowers, Stafford & Bowers,* for appellants.

MONTGOMERY, P. J. The actual appellants are the attorneys of record for the contestees in an action brought in the Common Pleas Court of Tuscarawas County to contest the validity of the will of Emma Fletcher Ream, who died in 1947. They were unsuccessful, because the jury to which the cause was submitted returned a verdict for the contestants and judgment was entered upon that verdict. From that judgment an appeal was perfected to, and is pending. in this court.

After that adverse verdict, these attorneys filed a motion in the Common Pleas Court, in that action, asking for the allowance of attorney fees, under author ity of Section 12082, General Code, effective July 4, 1945. That motion was overruled, and from that order this appeal was perfected.

That Code section is in this language:

"An issue must be made up, either by pleadings or an order on the journal, whether or not the writing produced is the last will or codicil of the testator. which shall be tried by a jury. The verdict shall be conclusive, unless a new trial be granted, or the judgment is reversed or vacated; and, where the jury finds that the writing produced is not the last will and testament or codicil of the testator, the trial court shall allow as part of the costs of administration and order to be paid out of the estate of the decedent, whose pur-

ported last will or purported codicil was contested, such amounts to the fiduciary or fiduciaries and to the attorney or attorneys defending such purported last will or purported codicil, as in the opinion of the trial court are fair, just and reasonable compensation for the services rendered in such contest. A copy of such order shall be certified to the Probate Court by the clerk of the Court of Common Pleas and the Probate judge shall include the amount so certified in the costs of administration.''

Contestees defend the action of the trial court on several grounds, all of which we will discuss.

The chief contention is that this statutory enactment is unconstitutional in that, in such an action, it would mean a deprivation without due process of law of a property right which had become vested in the appellees.

Now there is no natural right to inherit property. Such right, if it exists, is a result of legislative action.

As stated by Judge McIlvaine in the case of *Gilpin* v. *Williams,* 25 Ohio St., 283, at page 300:

''There is no principle better settled than that the expectation of an heir presumptive is not a vested right but a mere possibility. It is not an estate in property, and can be neither transferred or released. Upon this priniciple it is held that the laws of descent may be changed at the pleasure of the Legislature, as to all estates not already cast upon the heir by the death of an ancestor.''

An interesting discussion of this situation is to be found in the case of *State, ex rel. Taylor, Jr., Pros. Atty.,* v. *Guilbert, Aud.,* 70 Ohio St., 229, 249, 71 N. E., 636. The Supreme Court of Ohio in that case followed the Supreme Court of the United States in the case of *Magoun* v. *Illinois Trust & Savings Bank,* 170 U. S., 283, 42 L. Ed., 1037, 18 S. Ct., 594, and quoted from the opinion in that case, as it appears on page 288, in this language:

"The right to take property by devise or descent is the creature of the law, and not a natural right—a privilege, and therefore the authority which confers it may impose conditions upon it."

The same proposition was later decided by the Supreme Court of Ohio in the case of *Ostrander, Admr., v. Preece, Admr.,* 129 Ohio St., 625, 196 N. E., 670, 103 A. L. R., 218. The third paragraph of the syllabus in that case is:

"Legislation which deals with rights of transmission and inheritance of property of persons who die after its effective date, does not deal with present vested rights, and heirs expectant and legatees of decedents who are adversely affected thereby are not deprived of present vested property rights without due process of law."

And, on page 632 of the opinion, this statement is made:

"Legislation dealing with estates of persons who die after its effective date does not deal with vested rights."

To state the proposition differently, the property which may be vested in the plaintiffs is so vested only if the litigation is ended, all the debts and claims paid, and distribution ordered.

Again, it should be stated that the presumption is in favor of the validity of a will. Those attacking it cannot complain of its being defended, or the costs of such defense being taxed against the estate, which estate the testatrix intended should be controlled by the provisions of the will.

The constitutionality of this statute is challenged further on the ground that it violates the provisions, the spirit and the intent of Sections 7 and 8 of Article IV of the Constitution of the State of Ohio, which define and determine the jurisdiction of the Probate

Court, on which is conferred the right and duty to settle accounts of fiduciaries.

As we see it, this statute under consideration does not constitute any interference with the jurisdiction of the Probate Court. It is simply a new statute, which gives the Common Pleas Court authority to assess fees and costs. In any litigation in the latter court, in which an estate loses, costs are taxed against it in such court, and its jurisdiction is never questioned and the Probate Court approves payment of such costs.

The next contention is that there is no primary duty on an administrator to defend a will. That proposition is doubtless correct, but it is a natural and proper thing for him to assist in the defense of the will, and if the court thinks proper to allow fees therefor. Such action certainly is not unconstitutional. Moreover, it is to be observed that this Section 12082, authorizing the allowance of fees, does not limit them to the attorneys for the legal representative of the estate, but says they shall be allowed "to the attorney or attorneys defending such purported last will," etc.

It is suggested, but not strenuously urged, that no proof was offered as to the services rendered or their value. The trial court, upon the presentation of the motion, made this observation: "I will take jurisdictional notice that they performed a lot of service for four and one-half weeks." Of course that would be true, as the motion was made to the judge who tried the main action, who knew what had been done and needed no proof. And if a reviewing court were called upon to consider the amount of the allowance, if one had been made, it could look to the record in the main action.

It is conceded that counsel have received substantial fees from the contestees who were the named beneficiaries. That fact and the amount received might

well be considered in fixing an additional amount under this questioned statute, but it would not preclude such allowance.

Finally, it is urged by appellees that this motion or application was filed prematurely, in that the final outcome of the litigation cannot be known. Suffice it to say that this claimed allowance is for services rendered in the Common Pleas Court in the trial which has been had. It has no reference to what may happen hereafter. If the will ultimately should be upheld, these services heretofore rendered would not be less valuable than if the existing judgment should be final. And if the existing judgment should not be hereafter disturbed, compensation for future services could be claimed against those responsible without reference to what had been allowed for this trial, and as though this statute did not exist. The statute is unqualified and does not provide for subsequent happenings.

The judgment of the trial court is reversed and the cause is remanded to that court for further proceedings in accordance with this opinion.

*Judgment reversed.*

McClintock and Putnam, JJ., concur.