FICKLE ET AL. *v.* SCAMPMORTE ET AL.

[No. 30,280. Filed June 27, 1962.]

*Vincent Kelley, Kelley, Arnold & Kelley, Johnson & Austin, Conrad Arnkens,* and *John Staggenberg,* all of Anderson, for appellants.

*Robert L. Shearer, Bagot, Free & Shearer,* and *Joan C. Bashaw,* all of Anderson, for appellee, Frank J. Scampmorte.

ARTERBURN, C. J.—This case comes to us on petition to transfer from the Appellate Court under Acts 1901, ch. 247, §10, p. 565; Acts 1933, ch. 151, §1, p. 800, being §4-215, Burns' 1946 Replacement. See *Fickle* v. *Scampmorte* (1961), 173 N. E. 2d 73, for opinion of Appellate Court.

The question presented here on transfer is whether or not a trial court under the uniform Probate Code, §7-414, may grant a reasonable allowance for attorney fees in proceedings to probate a will which have failed (*Scampmorte* v. *Scampmorte* (1962), 133 Ind. App. 276, 179 N. E. 2d 302) and where the proponents of the will entered into a contingency fee contract with his attorney to pay such attorney if successful in probating the will. The Probate Code, Section 7-414, provides as follows:

"*Allowance in will contest.*—When any person designated as executor in a will, or the administrator with the will annexed, or if at any time there be no such representative, then any devisee therein, defends it or prosecutes any proceedings in good faith and with just cause for the purpose of having it admitted to probate, whether successful or not, he shall be allowed out of the estate his necessary expenses and disbursements including reasonable attorney's fees in such proceedings. [Acts 1953, ch. 112, §1014, p. 295.]"

This statute provides first, that where a will has been probated, those who have the right to defend a will shall be allowed fees and expenses for defending it. Secondly, where a purported will is offered for probate in good faith, those who have the prior right to prosecute its probate, regardless of success, shall be entitled to necessary fees and expenses. In the latter case this would be the executor named in the purported will and if none is named, then "any devisee therein." The appellee, Frank J. Scampmorte, in his verified petition alleged that there was no executor named in the purported will and that he was named as a devisee therein. (See also copy of will in *Scampmorte* v. *Scampmorte* (1962), 133 Ind. App. 276, 179 N. E. 2d 302.)

The appellees do not deny such allegations in the petition, which accordingly must be accepted as true. No issue is made as to appellees' right to prosecute the proceedings on those points and they are not argued or briefed for our consideration.

The trial court allowed the appellee, Frank J. Scampmorte, $900.00 expense money in trips to Florida and North Carolina where the testator lived at times prior to his death, and also made an allowance of $4,035.00 for attorney fees to be allotted be-

tween two attorneys after the final adjudication that the purported will should not be probated.

The allowance of the $900.00 expense money is not contested on appeal here. The trial court found the proceedings to probate the purported will, which terminated unsuccessfully, was brought "in good faith and with just cause." No question is raised as to that point nor as to the reasonableness of the amount of the fee allowed. Only the allowance of any attorney fee because of the contingency fee contract is questioned here.

Prior to the present Probate Code, the unsuccessful proponent of a purported will could not recover his expenses and attorney fees. *Doan* v. *Herod* (1914), 56 Ind. App. 663, 104 N. E. 385.

The present Probate Code changed this, as cited above. (See Comment, Probate Study Commission, Section 7-414.) The new code likewise changed the burden of proof in such proceedings. (Burns' §7-120.) The changes eliminated the unseemly race to the court house to be first in probating or preventing the probate of a will.

It is argued that in view of the contingency fee contract, the allowance of an attorney fee was not a "necessary expense" of the litigation.

The question arises: What is the meaning of the word "necessary" as used in the statute with reference to the expenses, including attorney fees?

> "The word (necessary) must be considered in the connection in which it is used, as it is a word susceptible of various meanings. It may import absolute physical necessity or inevitability, or it may import that which is only convenient, useful, appropriate, suitable, proper, or conducive to the end sought."

Black's Law Dictionary, Fourth Edition, p. 1181.

In our opinion, the word "necessary" as used in the statute, has no application to the financial needs of the proponents, but describes the expenses which are normally required in connection with an action in a will contest case. Therefore, normally, attorney fees being necessary or required in such cases, an allowance should be made therefor in situations such as this (where a proponent is unsuccessful) even though the proponent is able financially to pay such fees and expenses out of his own pocket.

The situation is somewhat analogous to that of a suit on a note containing a provision for the payment of attorney fees. In that connection it is pointed out that regardless of the fact that the holder of the note may have a contingency fee arrangement privately with his attorney in bringing the action, he is still entitled, as a party plaintiff, to recover reasonable attorney fees against the maker to reimburse him for any attorney fees he may pay out under a contingency contract. Such allowance of a fee belongs to the party to reimburse him. *Garrison* v. *Garrison* (1897), 150 Ind. 417, 50 N. E. 383.

Proof must be made of reasonable attorney fees. It goes without citation that the court is not bound by any amount fixed privately by the party and his attorney in any contract.

Counsel has cited no cases in this jurisdiction in point on the question here. A search of those jurisdictions having statutes similar to that of Indiana with reference to the payment of attorney fees to the unsuccessful party in will contest cases, reveals little, if any, help. In the State of Florida we find the case of *Watts* v. *Newport* (1942), 150 Fla. 288, 7

So. 2d 104, modified 151 Fla. 209, 9 So. 2d 417, which appears to support the appellees' contention that they are entitled to be reimbursed for attorney fees. The statute appears to be similar to ours in this state. A comment in 40 A. L. R. 2d, p. 1428 with reference to that case states:

" . . . it was indicated that if the attorneys undertook to perform the services under an agreement that the executor should be liable for their services only if they were successful in sustaining the will, but they also relied upon the statute providing for the recovery of attorneys' fees by an unsuccessful proponent of the will in a proper case, recovery might still be had from the estate notwithstanding the failure to sustain the will."

However, a later Florida case, *In re: Gleason's Estate* (1954), 74 So. 2d 360, denied attorney fees to the unsuccessful proponent under an interpretation of the statute based on the showing that the services of appellee's counsel brought nothing to the estate. For other cases that touch upon the question, but in our opinion are of little help, see: *In re Spidel's Estate* (1952), 64 Ohio Law Abst. 71, 110 N. E. 2d 718; *Lindsey* v. *Markley* (1950), 87 Ohio App. 529, 96 N. E. 2d 311; *Conley* v. *Fenelon* (1929), 266 Mass. 340, 165 N. E. 382; *In re Caruso* (1955), 18 N. J. 26, 112 A. 2d 532.

The statute places the obligation on the estate to pay the attorney fees and expenses that are normally required in a proceeding to probate a purported will if the proceedings are in good faith. This statute is not conditional upon any outside or private agreement. If the proponent had been successful, regardless of the contingency contract, the proponent would have been entitled to recover reasonable attorney fees in no way related or connected

with the amount fixed in the contingency contract. The proponent would thus be reimbursed in part or in whole for such fees as he owed his attorneys. There may even be cases where the proponent himself as an attorney, brings the action as an interested party. He naturally would not owe himself for his own work as an attorney, but yet he should be entitled to recover a reasonable sum for his work on behalf of the estate in successfully probating a will. An administrator who is also an attorney is entitled to be paid for his services as an attorney so performed under the present statute. (Burns' §7-413.)

If a party desires to pay privately additional compensation to attorneys in event of success, with the thought or hope that such additional compensation (a contingency contract) will encourage additional work and initiative in the litigation, such private agreements should have no effect upon the statutory provision with reference to a reasonable compensation to reimburse the party. The party should not be penalized. Moreover, the trial court below, upon the facts presented to it, found the attorney fees in the case to be necessary. For us to overturn that finding and to hold as a matter of law that such private agreements nullify or eliminate the statute gives to the words "necessary expense" in the statute a narrow construction and meaning that applies solely to the financial condition of the parties. Before a party would be entitled to recover reasonable fees in an attempt to probate a will (successfully or otherwise), such party would have to show his financial inability to secure counsel by contingent contract or otherwise and that it was "necessary" for the estate to pay such counsel because of such party's inability. We do not believe this is the mean-

ing of the statute. The purpose and public policy of the statute is to give all parties concerned a fair trial and to encourage the probating or the resisting of the probate of the will where there are reasonable grounds or probable cause for such proceedings in good faith, without compelling any party to risk financial loss by underwriting the expenses of such proceedings.

The judgment and allowance of the trial court is affirmed.

Landis, J., concurs.

Achor, J., concurs with opinion.

Bobbitt, J., dissents with opinion.

Jackson, J., concurs in dissenting opinion.

### CONCURRING OPINION

ACHOR, J.—In addition to the reasons stated in the majority opinion for the affirmance of the judgment of the trial court, consideration should be given to the fact that the so-called "contingency fee contract" merely stipulated the attorney fees that the attorney who executed the contract should receive from appellees in event he was successful in probating a particular will. The contract did not negative the attorney's right to recover a fee for his services from the estate when, as in this case, he was not successful in probating the particular will which action necessitated resisting the probate of a different will which was allowed to prevail. In the absence of such a prohibition in the contract, there was nothing under the facts presented to prevent the allowance of a fee for appellees' attorney who was not otherwise paid, as contemplated by the Probate Code [Acts 1953, ch. 112, §1014, p. 295 (§7-414, Burns' 1953 Repl.)].

## DISSENTING OPINION.

BOBBITT, J.—I am unable to agree with the views expressed in the majority opinion for the reason stated in the majority opinion of the Appellate Court (*Fickle* v. *Scampmorte* (1961), 173 N. E. 2d 73), and for the further reason that the statute under which the attorney's fees were here allowed provides only for allowance of *necessary expenses and disbursements*, and the fees here allowed were, in my opinion, not necessary to the prosecution of the action for probate.

In my judgment no attorney's fees were due under the personal contract between appellee, Frank J. Scampmorte, and his attorney because payment for his services was wholly contingent upon the successful probate of the Will.

The pertinent part of the contract of employment between such appellee and his attorney is as follows:

"In consideration of the legal services rendered and to be rendered by said party of the first part, the party of the second part agrees to pay all costs and expenses, and agrees to pay to party of the first part, as fees for such services, a sum equal to 15% of the net amount of said estate eventually transferred to the 2nd party in the event the admission to probate is granted without opposition; 20% if appealed to Appellate Court & 25% if appealed to Supreme Court.

"Party of the first part accepts the retainer and employment from party of the second part aforesaid, and agrees to accept a fee equal to 15%, 20%, or 25% as above specified."

Since the Will was not admitted to probate the contingency upon which the payment of attorney's fees rested never happened. The happening of the contingency was a condition precedent to the right of

the attorney to recover for his services. *Byrd* v. *Clark* (1930), 170 Ga. 669, 153 S. E. 737, 739; *Robertson* v. *National Spiritualists' Ass'n.* (1930), (Tex. Civ. App.), 25 S. W. 2d 889, 893; 7 C. J. S., Attorney and Client, §188(a), p. 1071.

Under these circumstances appellee, Frank J. Scampmorte, was not liable for the payment of a fee to the attorney who represented him in his action to probate the Will and the allowance by the trial court of attorney's fees herein was not a necessary expense to the prosecution of such action.

I would deny the petition to transfer.

Jackson, J., concurs.

NOTE.—Reported in 183 N. E. 2d 838.