In re Will of Allison: Richmond, Trustee, Appellant, v. Allison et al., Exrs., Appellees.

[Cite as In re Will of Allison, 9 Ohio App. 2d 333.]

(No. 620—Decided December 9, 1965.)

*Messrs. Richmond & Richmond,* for appellant.
*Messrs. McKee, Schwer, Taggart & Wehler,* for appellees.

Kerns, J. This is an appeal on questions of law from an order of the Probate Court of Clark County denying the appellant any compensation for services rendered in obtaining the admission to probate of the will of Edith M. Allison.

The facts of the case are undisputed. Edith M. Allison died testate on May 18, 1964, and on June 6, 1964, an application to probate her will was filed in the Probate Court of Clark County. At the subsequent hearing, the subscribing witnesses to the will appeared in open court and testified as follows:

"We were not present at the execution and signing of the instrument of writing now before us, dated January 28th, 1964, purporting to be the last will and testament of Edith M. Allison, deceased; that we, at the request of C. D. Richmond, respectively subscribed our names to a document purporting to be the last will and testament of Edith M. Allison on the 30th day of January, 1964; that we did not see testatrix Edith M. Allison, sign said instrument purporting to be the last will and testament of said Edith M. Allison; that we did not hear the testatrix, Edith M. Allison, acknowledge her signature affixed to said instrument to be her true and lawful signature; that we and each of us do not believe the signature purporting

334

to be the signature of Edith M. Allison, on said last will and testament, to be her genuine signature; that at the time of our signing said instrument on the 30th day of January, 1964, we do not believe the deceased, Edith M. Allison, to have been of sound mind and memory."

On June 10, 1964, the Probate Court entered an interlocutory decree which states as follows:

"Whereupon, it appearing to the court from the testimony so taken that said will was not duly executed and attested and that at the time of the purported execution of the same the testatrix was of full age but not of sound mind and memory and was under restraint, the court now denies probate of such instrument and does hereby order that the matter be continued for further hearing on the 6th day of July, 1964 at 3:00 p. m."

On June 25, 1964, the appellant, who was a nominated trustee under the proposed will, received notice that it had been denied admission to probate and that a further hearing of the matter was set for July 6, 1964. Thereafter, at the request of the appellant, the hearing was continued until July 14, 1964.

At the hearing on July 14, 1964, it became apparent that the proponent of the will, who was a daughter of the deceased, was not enthusiastic about the admission of the will to probate. At one point, her attorney, Mr. Pavlatos, said:

"I am not a proponent or an opponent (of the will). I am simply a bystander, in that a will is given to me which purports to be the last will and testament of the decedent. I have but one choice to make, and that is that I must submit that will to the court, for the court to make the determination as to whether or not it should be admitted to probate. The witnesses then come in, give their testimony, which is of such nature that the court can not at that time admit that will to probate. It orders a further hearing." Words in parenthesis added.

Thereafter, counsel for the nominated trustee presented the testimony of nine witnesses, including the testimony of the three subscribing witnesses to the will, and the same witnesses were cross-examined by counsel for the applicant for admission of the will to probate. At the conclusion of the hearing, the trial court revoked the interlocutory decree and admitted the will to probate.

Without a detailed discussion of the testimony, suffice it to say that the record fairly reflects that the appellant was the sole proponent of the will and that the will would not have been admitted to probate had it not been for his intervention.

Thereafter, the appellant filed an application for the allowance of a reasonable and proper sum as compensation for services rendered in obtaining the admission of the will to probate.

On August 10, 1964, the appellant's application was denied by the trial court, and the present appeal is from the order denying compensation.

Ordinarily, the determination of the amount due for services rendered in cases of this kind is a matter solely within the discretion of the Probate Court.

But in view of the services actually rendered by the appellant, as disclosed by the record, the specific question presented here is whether a nominated trustee under a will may be allowed *any* compensation for services rendered in obtaining the admission of the will to probate.

As evidenced by the briefs of the parties, there is a dearth of authority upon this particular question, but under the unusual circumstances of this case, where the nominated trustee undertakes a duty ordinarily performed by the applicant, it appears that reasonable compensation would be allowable upon equitable principles alone. See *Koelble, Admr.,* v. *Runyan,* 25 Ohio App. 426. In fact, the position of a nominated trustee is not unlike that of a named executor. The testatrix has enjoined upon each certain duties and responsibilities which are wholly dependent upon the admission of the will to probate. If the will is denied, the trust likewise fails.

It is well settled that an executor is entitled to reasonable compensation for services rendered beyond the common course of duty. Section 2113.36, Revised Code; 22 Ohio Jurisprudence 2d 613, Section 253. This principle applies regardless of whether a will is ultimately determined to be valid or invalid. See Section 2741.04, Revised Code; *In re Estate of Teopas,* 116 Ohio App. 506. Hence, it reasonably follows that a nominated trustee under a will should likewise be entitled to reasonable compensation for such services. And especially so, as in the

present case, where the testatrix is one of the beneficiaries of the proposed trust, in that she has provided therein for the care of the burial plot of her husband and herself.

A trustee is entitled to notice of a proceeding upon an interlocutory order denying probate of a will (Section 2107.181, Revised Code), and it is inconceivable, in our opinion, that the law contemplates that any such trustee, with knowledge of evidence to the contrary, should sit idly by while a will is refused admission to probate. On the contrary, the law, under such circumstances, should encourage a search for truth, and the fiduciary who undertakes that search, where the nominated executor fails and refuses to do so, should be reasonably compensated therefor. And in the present case, it is of no consequence whether the compensation allowable is provided by the estate or the trust, because the trust corpus is established entirely by the residuary clause of the will.

The order denying the appellant *any* compensation will be reversed, and the cause remanded to the Probate Court for the purpose of determining the amount of compensation which is just and reasonable.

*Judgment accordingly.*

SHERER, P. J., and CRAWFORD, J., concur.