Donald H. DUNNUCK, as Personal Representative of the Estate of Margaret F. Mosser, Deceased, et al., Appellant (Defendant Below),

v.

Paul D. MOSSER, Appellee (Plaintiff Below).

No. 05A02-8905-CV-232.

Court of Appeals of Indiana, Third District.

Dec. 13, 1989.

Dean A. Young, Hartford City, for appellant.

Donald K. McClellan, McClellan, McClellan & Brooke, Muncie, William Ervin, Ervin, Barry & Beymer, Hartford City, for appellee.

HOFFMAN, Judge.

Appellant Donald Dunnuck, personal representative of the Margaret F. Mosser estate, appeals an award of attorney's fees.

In 1981, Margaret Mosser executed a will which bequeathed $2,000.00 to her three grandsons, $3,000.00 to the Salvation Army and Albany Ambulance Service with the residue and remainder of the estate to her son, Paul Mosser.

In 1984, Margaret Mosser executed a will which bequeathed $2,000.00 to her three grandsons and her son, Paul Mosser, with the residue and remainder of the estate shared between the Salvation Army, the Albany Ambulance Service, the Albany Fire Department and the Albany Christian Church. Margaret Mosser died in 1986.

Paul Mosser contested the 1984 will arguing that his mother lacked testamentary capacity. The trial court ruled that Margaret Mosser had sufficient testamentary capacity to execute the 1984 will. On March 2, 1988, Paul Mosser petitioned that attorney's fees for the will contest be paid out of the Margaret F. Mosser estate.

On September 2, 1988, the trial court granted the petition for attorney's fees pursuant to IND.CODE § 29-1-10-14 (1988 Ed.) which states:

"When any person designated as executor in a will, or the administrator with the will annexed, or if at any time there be no such representative, then any devisee therein, defends it or prosecutes any proceedings in good faith and with just cause for the purpose of having it admitted to probate, whether successful or not, he shall be allowed out of the estate his necessary expenses and disbursements including reasonable attorney's fees in such proceeding."

"[IND.CODE § 29-1-10-14] provides first, that where a will has been probated, those who have the right to defend a will shall be allowed fees and expenses for defending it. Secondly, where a purported will is offered for probate in good faith, those who have the prior right to prosecute its probate, regardless of success, shall be entitled to necessary fees and expenses. In the latter case this would be the executor named in the purported will and if none is named, then 'any devisee therein.'"

*In re Estate of Workman* (1970), 147 Ind.App. 523, 526, 262 N.E.2d 408, 410 *quoting Fickle et al. v. Scampmorte* (1962), 243 Ind. 165, 167, 183 N.E.2d 838, 839.

The purpose and public policy of the statute is to give all parties concerned a fair trial and to encourage the probating or the resisting of the probate of the will where there are reasonable grounds or probable

cause for such proceedings in good faith, without compelling any party to risk financial loss by underwriting the expenses of such proceedings. *Fickle v. Scampmorte, supra,* 243 Ind. at 172, 183 N.E.2d at 841.

Appellant argues that the trial court lacked jurisdiction to award attorney's fees but fails to cite authority for his argument.

Appellant further contends that the trial court erred in awarding attorney's fees when Paul Mosser did not submit the 1981 will to probate.

The trial court concluded that Paul Mosser sought to invalidate the 1984 will as a prelude to submitting the 1981 will to probate. Paul Mosser contested the 1984 will in good faith for the purpose of having the 1981 will admitted to probate. The trial court did not err by awarding attorney's fees pursuant to IND.CODE § 29–1–10–14.

Affirmed.

GARRARD and SHIELDS, P.JJ., concur.