**ESTATE OF James H. CLARK, Appellant,**

v.

**FOSTER & GOOD FUNERAL HOME, INC. and Foster & Good Ambulance Service, Inc., Appellees.**

No. 25A04–8906–CV–251.[1]

Court of Appeals of Indiana, First District.

March 28, 1991.

1. This case was reassigned to this office on January 2, 1991.

John R. Hillis, Hillis, Hillis, & Maughmer, Logansport, for appellant.

William S. Suarez, Portage, for appellees.

ROBERTSON, Judge.

In this appeal, the estate of James H. Clark contends that the trial court abused its discretion by disapproving the full amount of fees proposed to be paid for general administration of the estate and legal representation of the personal representative in will contest proceedings and general administration. The appellees, Foster & Good Funeral Home, Inc. and Foster & Good Ambulance Service, Inc. cross-appeal, arguing the trial court erred as a matter of law in ordering payment of attorney fees to both the attorney defending the probated will and personal repre-

sentative and the attorney for the contestors in the will contest proceedings and also in failing to order statutory and prejudgment interest.[2]

We affirm.

James Clark died on September 25, 1985. On October 1, 1985, a will executed on August 27, 1985, by which he named his daughter, Judy Roadman, his personal representative and devised to her his entire estate, was admitted to probate. The probate court appointed Roadman to be Clark's personal representative.

About two weeks later, Clark's other children, who were not devisees under the probated will, brought an action to contest it, alleging that Roadman had exercised undue influence upon their father. They also brought a second action against Roadman personally for sums and property belonging to their father which she had misappropriated to herself before his death. The probate court recognized that the real party in interest in this suit was the estate; therefore, the estate was substituted as the plaintiff. Expecting an overlap in the proof to be offered in both actions, the court consolidated the two suits for trial. We thus have the anamolous situation of the estate being at the same time both plaintiff and defendant, and two sets of attorneys ultimately seeking compensation from the assets of the estate for their legal services in the will contest proceedings.

As best we can discern from the record, the heirs agreed to settle the will contest matter when it appeared that Roadman's unavailability would postpone the trial, thereby consuming all of the estate's remaining assets in legal fees. As part of the settlement, the probated will was declared invalid. The newly-constituted estate proceeded to trial against Roadman personally and on March 11, 1988, obtained a default judgment for about $14,619, which it later determined to be uncollectable.

After administrative distributions were approved, $10,724.96 of the $26,305 estate plus the judgment against Roadman remained for payment of claims and distribution to the heirs. The trial court awarded the personal representative and all of the attorneys less in fees than they had claimed.[3] It also paid the preferred claims of the appellees, leaving for each of the heirs exclusive of Roadman approximately $344.

The parties have raised two issues with respect to the payment of fees: the propriety of awarding fees to both the attorneys defending the probated will and those representing the contestants of that will, and the reasonableness of the fees awarded.

■ Indiana Code 29-1-10-14 permits an award of reasonable attorney's fees

> [w]hen any person designated as executor in a will, or the administrator with the will annexed, or if at any time there be no such representative, then any devisee therein, defends it or prosecutes any proceedings in good faith and with just cause for the purpose of having it admitted to probate, whether successful or not
> . . .

One of the purposes of this section is to encourage the probating or the resisting of the probate of a will where there are rea-

---

**2.** The appellees argue that they are entitled to statutory and prejudgment interest at the rate of ten percent per annum on their judgment of $98.80 since the trial court awarded them similar interest on the larger judgment they received.

   This court must disregard any error in the proceedings below which does not affect the substantial rights of the parties. Ind.Trial Rule 61. The failure to award interest on $98.80 is of negligible importance in an estate of better than $26,000. Any error in this regard is de minimis and will not be reviewed. *In re the Marriage of Davidson* (1989), Ind.App., 540 N.E.2d 641, 646.

**3.** Disbursements of $3,740 and $3,130 had already been made by the personal representative to the attorney defending the probated will and the attorney for the contestants when the personal representative recommended that these attorneys receive an additional $6,241 and $3,130 from the estate for total fees of $9,981 and $6,260 respectively. The trial court instead awarded an additional $1,510 and $370 respectively such that the attorney defending the probated will received a total fee of $5,250 including $2,500 for administrative matters, and the contestants' attorney received a total fee of $3,500. The reduced awards amount to about 53% and 55%, respectively, of the amounts claimed.

sonable grounds or probable cause for such proceedings in good faith,[4] without requiring any party to underwrite the expense associated with loss. Accordingly, we have interpreted the statute to authorize recovery of fees by those who have the right to defend a probated will and by those who have the prior right to prosecute a purported will offered for probate in good faith, without regard to success. The latter group includes the executor named in the purported will and if none is named, then any devisee therein. *Fickle v. Scampmorte* (1962), 243 Ind. 165, 167, 183 N.E.2d 838, 839. A will contestant who challenges a probated will in good faith for the purpose of having an earlier will admitted to probate may recover attorney fees from the estate, and may do so even though the earlier will is never admitted to probate, *Dunnuck v. Mosser* (1989), Ind.App., 546 N.E.2d 1291, *trans. denied*, provided proof is made of reasonable attorney fees. *Fickle*, 243 Ind. at 170, 183 N.E.2d 838.

■ As the appellees argue, the will contestants in the instant case were not devisees under the probated will, only Roadman was. But, they need not have been devisees under that will to obtain reimbursement of their fees. Pursuant to the interpretive authority cited above, the contestants need only be devisees under the will they sought probated.

■ The question which remains is the reasonableness of the fees allowed from the estate, or as posed in this case, whether the trial court's reduction of the fees to an amount it deemed reasonable is contrary to law. The determination of a reasonable fee under the circumstances lies within the sound discretion of the trial court and will not be overturned absent an abuse of discretion. *Pleska v. Zakutansky* (1984), Ind. App., 459 N.E.2d 745, 749. In ascertaining the value of the services rendered by the attorneys and personal representative, the trial judge may consider many factors, in-

cluding the labor performed, the nature of the estate, the difficulties encountered in recovering assets and locating heirs, settlements in the estate, the peculiar qualifications of the administrator, his or her faithfulness and care, and all other factors necessary to aid the court in a consideration fair to the estate and reasonable for the personal representative and attorneys. *Id.; In the Matter of the Estate of Kingseed* (1980), Ind.App., 413 N.E.2d 917, 932. The trial judge also possesses personal expertise which he or she may use in determining an amount of fees which is just and reasonable. *Id.; Mikesell v. Mikesell* (1982), Ind.App., 432 N.E.2d 55, 58. However, the action of the trial court in this regard may not be beyond the bounds of reason. *In the Matter of the Estate of Meguschar* (1987), Ind.App., 511 N.E.2d 307, 310, *trans. denied.*

■ The estate claims that the trial court abused its discretion when it awarded substantially less than the amount requested in the absence of evidence contradicting the hours and reasonable rate claimed by the personal representative or attorney. As we observed in *Kingseed*, 413 N.E.2d 917, in response to the same argument, the estate is in effect seeking to restrict the trial court's power to a consideration of only the hours and rate claimed. The record in this case is replete with circumstances which could have affected the trial court's determination, among them, the fact that the attorneys on both sides of the will contest matter continued to pursue litigation until the estate had virtually been exhausted and to the detriment of third party claimants who were not parties to the will contest proceedings. True, it was the duty of the personal representative to defend the probated will. *Hamilton v. Huntington* (1944), 223 Ind. 143, 149, 58 N.E.2d 349. But surely that duty ended when efforts to uphold the will were no longer reasonable, meritorious or in good faith. At that point, the personal representative

---

4. Case law predating the enactment of I.C. 29–1–10–14 suggests that attorney fees payable from the estate may be disallowed an executor who defends a probated will, knowing the contest to be plainly meritorious. *Bratney v. Curry* (1870), 33 Ind. 399. The appellees have never argued in these proceedings that the personal representa-

tive did not act in good faith in resisting the will contest, though perhaps there is a basis in the record supporting such a contention. Accordingly, we have no cause to overturn the award to the attorney defending the invalid probated will on the ground that Roadman knew the contest to be meritorious.

should not be permitted to use the funds of the estate to subserve her own personal interests and the costs of the litigation should be apportioned between the personal representative personally and the estate. *Roll v. Mason* (1893), 9 Ind.App. 651, 655, 37 N.E. 298. Furthermore, the participants to the proceedings against Roadman personally were siblings of Roadman and knew her circumstances. The trial court could have determined that continued legal efforts directed at recovering from her were unreasonable.

■ The trial court also reduced the personal representative's requested fee by $500 and the fees requested by the attorney involved in the general administration of the estate by $300. Though both parties testified that administration of this estate involved extraordinary responsibilities, there does not appear to be much of a factual basis in the record substantiating these assertions. The trust officer of the personal representative testified that the bank also served as personal representative for the estate of the decedent's wife and that in that capacity she performed similar duties, i.e. "baby-sat" the house, sold personal and real property, and solved problems with titles, for a fee of $500. The estates were about the same size. The trust officer did testify that she did some extra work in the James H. Clark estate locating heirs so that clear title to the real property could be obtained.

■ Likewise, although the attorney representing the estate in the general administrative affairs stated that he expended considerably more effort performing legal services not customarily required, submitted a time sheet detailing his services, and compromised his $5000 fee to $2800, his testimony did not disclose what extraordinary services he performed. We must point out however that the trial court did have a fuller understanding of the nature of this case and the services expended by the attorney as compared with those performed with respect to the estate of the decedent's wife, for which the attorney received $1800, than we are able to gain from the record. Apparently, the trial court perceived the additional services provided during the administration of this estate to be

reasonably valued at $1000. Given the comparative size of the two estates and the absence of any evidence showing the specific nature of work performed beyond that routinely required, we are unable to conclude that the trial court improperly evaluated the reasonableness of the general administration fees.

Having found no abuse of discretion in the award or reduction of fees, the judgment of the trial court should be affirmed.

Judgment affirmed.

RATLIFF, C.J., dissents with separate opinion.

CONOVER, J., concurs. .

RATLIFF, Chief Judge, dissenting.

I see nothing in this case which justifies departing from the general rule that each party to an action pays that party's own attorney. To require the estate to pay the attorneys fees for the contestants improperly drains the estate of assets to which others rightfully were entitled. Further, I find the amount of attorneys fees allowed by the court, assuming such to have been proper, to be clearly excessive. Attorneys' fees consumed nearly the entire estate. I cannot, in good conscience, agree with such a result. Therefore, I must dissent.