**In the Matter of the Supervised Administration of the ESTATE OF Ada K. GOLDMAN.**

No. 22A01–0309–CV–354.

Court of Appeals of Indiana.

Aug. 18, 2004.

Karen Yvonna Renfro, New Albany, IN, Attorney for Appellant.

Jerry L. Ulrich, New Albany, IN, Attorney for Appellee.

## OPINION

MAY, Judge.

Dwight Goldman ("Goldman"), the sole beneficiary of a 1996 will by Ada Goldman ("decedent"), appeals the trial court's grant of attorney fees to Jerry McCain, granddaughter of decedent, who successfully contested the validity of the 1996 will in order to have decedent's 1975 will probated instead. Goldman raises two issues, which we consolidate and restate as whether the trial court's grant of attorney fees was erroneous. We affirm.

## FACTS AND PROCEDURAL HISTORY [1]

In 1975, decedent executed a will dividing her estate equally between her two children, Goldman and Betty Charley. Charley was McCain's mother. After Charley died, decedent executed a will in 1996 leaving her entire estate to Goldman. Decedent died in 1998, and Goldman submitted the 1996 will for probate in the Floyd Circuit Court.

McCain believed decedent lacked the testamentary capacity to execute a will in 1996 and the proper will to probate was the 1975 will. McCain filed a complaint on the civil docket in Floyd Circuit Court challenging the validity of the 1996 will.[2] In cause number 22C01–9809–CP–459, Judge James Kleopfer ruled the 1996 will was invalid. In that action, McCain did not request an award of attorney fees based upon her successful challenge of the will.

1. Goldman's counsel filed an appendix that did not contain a table of contents, as required by Ind. Appellate Rules 50(A)(2) and 50(C). Her failure to do so impeded our review, as we had to thumb through the appendix to determine which documents she had provided and where we could find them.

After McCain's successful challenge of the will, she submitted a copy of the 1975 will for probate under cause number 22C01–0105–ES–80 in the Floyd Circuit Court on May 31, 2001. The Honorable Jerome Jacobi presided over the probate proceedings for the 1975 will. A personal representative was appointed. On April 16, 2003, the personal representative filed a final accounting and a petition to distribute the assets and close the estate.

On May 22, 2003, McCain filed a "Motion for Assessment of Attorney's Fees." (App. at 13.) Goldman objected to McCain's request, claiming Judge Kloepfer, who presided over the will contest proceedings, should have decided her motion. After a hearing, Judge Jacobi found for McCain and ordered the estate to pay her $15,300 for attorney fees and costs from the "undistributed portion of the estate." (Id. at 21.) Goldman appeals.

## DISCUSSION AND DECISION

■ Indiana Code § 29–1–10–14 provides:

When any person designated as executor in a will, or the administrator with the will annexed, or if at any time there be no such representative, then any devisee therein, defends it or prosecutes any proceedings in good faith and with just cause for the purpose of having it admitted to probate, whether successful or not, he shall be allowed out of the estate his necessary expenses and disbursements including reasonable attorney's fees in such proceedings.

We admonish her to provide a table of contents in any future appendix filed with this court.

2. McCain did not challenge the 1996 will in the probate proceedings initiated by Goldman.

■ That section was adopted to "encourage the probating or the resisting of the probate of a will where there are reasonable grounds or probable cause for such proceedings in good faith, without requiring any party to underwrite the expense associated with loss." *Estate of Clark v. Foster & Good Funeral Home, Inc.*, 568 N.E.2d 1098, 1100–01 (Ind.Ct. App.1991) (footnote omitted). In addition, the statute "eliminated the unseemly race to the court house to be first in probating or preventing the probate of a will." *Fickle v. Scampmorte*, 243 Ind. 165, 168, 183 N.E.2d 838, 839 (1962) (discussing the adoption of Probate Code Section 7–414, which contained identical language to today's Ind.Code § 29–1–10–14).

■ The statute permits "first, that where a will has been probated, those who have the right to defend a will shall be allowed fees and expenses for defending it." *Fickle*, 243 Ind. at 167, 183 N.E.2d at 839. "Secondly, where a purported will is offered for probate in good faith, those who have the prior right to prosecute its probate, regardless of success, shall be entitled to necessary fees and expenses." *Id.* Accordingly, contestants of a will who allege that a prior will should be probated may recover fees from the estate, even if the prior will is not admitted to probate, if the contestant was acting in good faith. *Estate of Clark*, 568 N.E.2d at 1101; *see also Dunnuck v. Mosser*, 546 N.E.2d 1291 (Ind.Ct.App.1989) (affirming attorney fees to unsuccessful will contestant), *trans. denied.*

McCain brought an action to contest the validity of the 1996 will submitted for probate by Goldman because she believed the 1975 will should be probated instead. Judge Kleopfer ruled in McCain's favor, concluding the 1996 will was invalid. We have previously held that a party in similar circumstances was entitled to attorney fees under Ind.Code § 29–1–10–14. *See Estate of Clark*, 568 N.E.2d at 1101. Accordingly, if McCain acted "in good faith" and "with just cause," she was potentially eligible to have the estate reimburse her attorney fees. Nevertheless, Goldman provides two arguments why the trial court should not have granted McCain's request.

First, Goldman argues that Judge Jacobi did not have the information necessary to determine whether McCain acted in "good faith" and with "just cause," because he did not preside over the will contest proceedings.[3] We disagree. Where, as

---

3. To support this argument, Goldman cites *In re Trust of Fitton*, 605 N.E.2d 1164 (Ind.Ct. App.1992). In *Fitton*, an Indiana trial court had to review the merits of a trust action, which had been dismissed from an Ohio federal court due to lack of personal jurisdiction over the trustee, when determining whether to sanction a beneficiary with attorney fees because the Ohio action was "baseless" and "groundless." The court sanctioned the beneficiary, and he appealed. We noted that if the trustee had requested the federal court sanction the beneficiary for bringing the meritless claim, the Ohio court could have reviewed the merits and made a determination. As the trustee had not, "[i]t would not seem proper for an Indiana trial court to belatedly sanction a party with an award of attorney's fees based on its review of a case litigated in federal court." 605 N.E.2d at 1172.

However, our facts are distinguishable from *Fitton* in two important ways. First, a decision in this case did not require the "extensive, time-consuming, duplicitous relitigation of evidence" feared by the panel of this court deciding *Fitton*, *id.* at 1172 n. 3, because McCain's victory in the will contest entitled her to attorney fees without Judge Jacobi hearing any evidence. Second, while Judge Jacobi sat on the bench for the probate administration and Judge Kleopfer heard the will contest case, the attorney fee request was nevertheless still in "the court in which the [original] case was litigated." *Id.* As Judge Jacobi noted, the fact that the probate administration and will contest were assigned different cause numbers was a matter of "record

788

here, the party contesting the validity of a will wins the trial on the merits, the will contest presumably was brought with "just cause," and Goldman offered nothing to rebut that presumption. In addition, we fail to see how a *successful* will contest could have been brought in bad faith. As Judge Jacobi noted at the hearing on this matter: "I don't think you have to hear the whole case on the merits to decide whether there was just cause and proceedings brought in good faith because I think it's particular[ly] easy when they're successful to make a literal [application of] the Statute." (Tr. at 127.)

■ Goldman's second argument is Judge Jacobi should have denied McCain's request for attorney fees because it was "untimely." (Appellant's Br. at 6.) The authority Goldman cites to support this argument is Ind.Code § 29–1–14–1, which provides:

(a) Except as provided in I.C. 29–1–7–7, all claims against a decedent's estate, other than expenses of administration and claims of the United States, the state, or a subdivision of the state, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred against the estate, the personal representative, the heirs, devisees, and legatees of the decedent unless filed with the court in which such estate is being administered within (1) three (3) months after the date of the first published notice to creditors; or (2) three (3) months after the court has revoked probate of a will, in accordance with I.C. 29–1–7–21, if the claimant was named as a beneficiary in that revoked will; whichever is later.

However, Goldman admits "an award of attorney's fees is not a 'claim,' that is a debt that would have been due and enforceable during the lifetime of the decedent." (Appellant's Br. at 10.) With that admission, Goldman essentially acknowledges the statute he cites does not support the result he requests. In fact, it appears to us that McCain's request for attorney fees is an "expense of administration" that is exempted from the limitations provided in the statute. *See* Ind.Code § 29–1–14–1. Goldman's argument fails.

Because neither of Goldman's arguments warrants reversal of the trial court's award of attorney fees to McCain, we affirm.

Affirmed.

SULLIVAN, J., and VAIDIK, J., concur.

keeping." (Tr. at 99.) The causes were in the same court, the Floyd Circuit Court, and could have proceeded under the same cause number with the same judge presiding over

both. As the two grounds for reversing the attorney fee sanction in *Fitton* do not apply in this case, *Fitton* does not control.