DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Gerard Tomasik, Martha Tomasik, Elaine Tomasik, Cecilia Tomasik, and Daniel Tomasik, appeal from the judgment of the Summit County Court of Common Pleas, Probate Division that granted $12,444.94 to Appellee, Attorney L. Terrence Ufholz, for attorney fees, and $5,185.90 to Appellee, Attorney Thomas T. Mullen, for fees for extraordinary services of the executor. This Court affirms.
 I. {¶ 2} Hedwig Jurkoshek died testate on March 19, 2002. Ms. Jurkoshek was survived by her sister, Cecilia Tomasik, and her nieces and nephews, Gerard Tomasik, Martha Tomasik, Elaine Tomasik, and Daniel Tomasik, the Appellants in this action. Ms. Jurkoshek's will was admitted to probate on April 15, 2003. Appellants filed a will contest, which the probate court dismissed for being untimely. This Court subsequently reversed the dismissal of the will contest. See Tomasik v. Tomasik, 9th Dist. No. 21980, 2004-Ohio-5558. The will contest issue is currently pending in the Ohio Supreme Court and is not the subject of the present appeal. See Tomasik v. Tomasik, Ohio Supreme Court No. 2004-2004.
 {¶ 3} The instant appeal stems from the grant of payment of attorney fees and extraordinary fiduciary fees for the appeal of the will contest to Ohio Supreme Court. Appellee Ufholz filed an Application for Attorney Fees seeking payment for his services and expenses incurred from January 17, 2005 to August 22, 2005. Additionally, Appellee Mullen filed an Application-Computation of Fiduciary Fees on August 3, 2005 and October 3, 2005 seeking both ordinary and extraordinary fees. Both parties briefed the merits of the claims for attorney and fiduciary fees and an evidentiary hearing was held. The magistrate issued a decision granting Appellee Ufholz $12,444.94 for attorney fees and Appellee Mullen $5,185.90 for extraordinary fiduciary fees. Appellee Mullen's request of $1,281.10 for ordinary fiduciary fees was held in abeyance until the conclusion of the administration of the estate.
 {¶ 4} Appellants filed an objection to the Magistrate's Decision. Both sides filed briefs regarding the objection and a hearing was held. The trial judge subsequently overruled Appellants' objections and adopted the Magistrate's Decision. Appellants timely appealed, asserting one assignment of error for review.
 II.
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY GRANTING THE APPLICATIONS FOR FIDUCIARY AND COUNSEL FEES."
 {¶ 5} In their sole assignment of error, Appellants allege that the award of attorney fees and extraordinary fiduciary fees related to the will contest was premature as the will contest issue is still pending before the Ohio Supreme Court. Appellants argue that Appellees' defense and subsequent appeal regarding the will contest issue was unnecessary and did not benefit the estate. We disagree.
 {¶ 6} A decision to modify, affirm, or reverse a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion. Mealyv. Mealy (May 8, 1996), 9th Dist. No. 95CA0093, at *2. Additionally, we review the probate court's allocation of attorney fees and extraordinary fiduciary fees in the administration of an estate for an abuse of discretion. Estateof Bretschneider, 11th Dist. No. 2005-G-2620, 2006-Ohio-1013, at ¶ 15, 32. An abuse of discretion is more than an error of law or judgment, but rather, it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621.
 {¶ 7} Typically in probate court, attorney fees for the administration of the estate are paid after the final accounting is prepared and filed. Sup.R. 71(B). However, the probate court may award attorney fees prior to the final accounting upon an application and for good cause shown. Id. This exception includes attorney fees generated in the defense of a will contest. Estateof Kaziakos v. Georgekopoulos (June 25, 1986), 9th Dist. No. 12426, at *2. See R.C. 2107.75; R.C. 2113.36.
 {¶ 8} Only a fiduciary may charge the attorney fees generated in defending a will contest to the administration of the estate.In re Estate of Zonas (1989), 42 Ohio St.3d 8, syllabus. The attorney fees are recoverable from the estate regardless of the outcome of the will contest. In re Estate of Dawson (1996),117 Ohio App.3d 51, 58, citing Estate of Kaziakos, at *2.
 {¶ 9} A fiduciary has a duty to probate the will by "protecting, preserving, and distributing the assets in accordance with the provisions of the will." (Emphasis added.)In re Estate of Dawson, 117 Ohio App.3d at 56, citing Hecklerv. Schuler (1967), 12 Ohio St.2d 58, 61. While the Ohio
"Supreme Court has held that a fiduciary does not have a duty to defend a will contest[,] * * * we note that there is no case law or statutory authority prohibiting the defense of a will contest[.] [O]bviously the General Assembly, by the enactment of R.C. 2107.75, at least condones, if not encourages, the defense of will contests [by the fiduciary]." (Internal citations omitted.) In re Estate of Dawson, 117 Ohio App.3d at 58.
Accordingly, a fiduciary may undertake the defense of a will contest even though he is not duty bound to do so. Id. at 59. "[T]he Supreme Court's reasoning behind the `no duty to defend' holding reveals that the holding was primarily intended to apply to fiduciaries who retain attorneys for their personal benefit rather than for the benefit of the estate[.]" Id.
 {¶ 10} In the instant case, Appellee Mullen hired Appellee Ufholz to represent the estate in the appeal to the Ohio Supreme Court regarding the will contest proceeding brought by Appellants. Appellee Mullen is not a named beneficiary and was acting solely in his capacity as fiduciary when he hired Appellee Ufholz to defend the will contest. Thus, Appellee Mullen was not acting for his own benefit, but for the benefit of the estate by filing an appeal regarding the will contest.
 {¶ 11} In the trial court, Appellants' will contest was dismissed based on a technicality: their failure to file the will contest within the statute of limitations. Appellants successfully appealed the statute of limitations ruling and the will contest was remanded to the trial court. Appellee Mullen then hired Appellee Ufholz to file a discretionary appeal to the Ohio Supreme Court regarding the issue of the statute of limitations in a will contest. The Ohio Supreme Court accepted the discretionary appeal and the parties are awaiting the Supreme Court's decision.
 {¶ 12} To date, neither party has prevailed in the will contest. However, the end result of the will contest is immaterial to the grant of attorney fees. R.C. 2107.75. Appellee Ufholz filed an application for attorney fees for his services rendered in the appeal of the will contest and the probate court found that there was good cause shown for the award of attorney fees. The probate court relies on the point, and we concur, that "[t]he novelty of the issue presented to the Supreme Court and the fact that the Supreme Court has recognized this issue to be of importance presents sufficient cause to allow for the payment of attorney fees to date."
 {¶ 13} Further, the fact that the will contest is still pending before the Ohio Supreme Court does not necessarily make the request for attorney fees premature. The attorney fees granted by the probate court simply covered the costs incurred by Appellee Ufholz through August 22, 2005. See Lindsey v. Markley
(1950), 87 Ohio App. 529, 534. It is important to remember that the merits of the will contest have never been addressed. The pending will contest appeal deals strictly with the applicability of the statute of limitations in filing the will contest. Accordingly, it is possible that there may be future litigation regarding the will contest and future awards for attorney fees. See id.
 {¶ 14} We also reject Appellants' argument that the defense of the will contest through an appeal to the Ohio Supreme Court was unnecessary and does not benefit the estate. Clearly, the Ohio Supreme Court's acceptance of the will contest issue establishes that there is an issue of public or great general interest. Thus, Appellee Mullen's appeal to the Ohio Supreme Court was in fact necessary and prudent in protecting the estate.
 {¶ 15} Further, Appellants' position poses a double standard wherein they are allowed to appeal the probate court's decision, but Appellee Mullen is not allowed to appeal the appellate court's decision. Even though Appellee Mullen does not have an absolute duty to defend the will, he does have the right to defend the will, including filing an appeal from an adverse decision. See In re Estate of Dawson, 117 Ohio App.3d at 58. Accordingly, "[t]hose attacking [the validity of a will] cannot complain of its being defended, or the costs of such defense being taxed against the estate." Lindsey, 87 Ohio App. at 532
 {¶ 16} As to the extraordinary fiduciary fees, R.C. 2113.36
permits a fiduciary to receive fees for "extraordinary services not required of a [fiduciary] in the common course of his duty." Compensation for extraordinary services "concerns the fiduciary alone and does not concern the matter of counsel fees."In re Estate of Haggerty (C.P. 1955), 70 Ohio Law Abs. 463, 128 N.E.2d 680, 685. Extraordinary services by a fiduciary include participation, initiation, and defense of the various forms of litigation involved in probating a will and protecting the estate; i.e., the defense of a will contest action. Id. at 686. The recovery of extraordinary fiduciary fees due to the pursuit or defense of litigation involving the will may be charged to the estate "regardless of whether [the] will is ultimately determined to be valid or invalid." Richmond v. Allison (1965),9 Ohio App.2d 333, 335. Upon a request for extraordinary fiduciary fees, the trial court must "review the total fees payable to the [fiduciary] when it contemplates making a payment of fees beyond the commission authorized for ordinary services." In the Matterof the Estate of Thomas (April 12, 2000), 9th Dist. No. 19588, at *4; see R.C. 2113.36.
 {¶ 17} In this case, the record clearly shows that Appellants pursued a will contest action and Appellee Mullen has taken steps to defend against this litigation. The probate court reviewed Appellee Mullen's request for ordinary fiduciary fees and extraordinary fiduciary fees. After a thorough review of the description of the services, the probate court separated out those services which were fiduciary work from attorney work. The probate court only granted extraordinary fees for the services it deemed as attorney work, which is beyond the fiduciary's common course of duty. The request for ordinary fiduciary fees was properly held in abeyance until the conclusion of the administration of the estate.
 {¶ 18} Based upon the above discussions, we find the trial court did not abuse its discretion in adopting the Magistrate's Decision and granting Appellee Ufholz' request for attorney fees and Appellee Mullen's request for extraordinary fiduciary fees. Appellants' sole assignment of error is overruled.
 III. {¶ 19} Appellants' assignment of error is overruled. The judgment of Summit County Court of Common Pleas, Probate Division is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J. Concurs